**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose Eduardo CAMACHO and Irene Ybarra Mendoza, Defendants-Appellants.**

**No. 23971.**

United States Court of Appeals, Ninth Circuit.

Feb. 11, 1970.

William T. Healy (argued), Tucson, Ariz., for defendants-appellants.

James M. Wilkes (argued), Jo Ann D. Diamos, Asst. U. S. Attys., Richard K. Burke, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before MERRILL and WRIGHT, Circuit Judges, and BEEKS,* District Judge.

---

* The Honorable William T. Beeks, United States District Judge for the Western District of Washington, sitting by designation.

PER CURIAM.

Four basic contentions are urged on this appeal:

 (1) That the inference that may be drawn from possession, as provided for in 21 U.S.C. § 174, violates the Fifth Amendment privilege against self-incrimination. We disagree. The Supreme Court has just rejected this contention. United States v. Turner, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970).

 (2) That the revelation of the informant was necessary for the establishment of probable cause. Here the arresting officers not only had information from a reliable informant but also had personal knowledge from surveillance, thus the informant's identity was not necessary for a finding of probable cause. United States v. Cleaver, 402 F.2d 148 (9th Cir. 1968).

 (3) That the revelation of the informant was necessary for the defense of the appellants. There is no absolute rule requiring disclosure of an informer's identity. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). Informant did not participate in the transaction and entrapment was not urged as a defense. Thus, in this case the interest of the public in the protection of informants overrides the interest of the appellant in his identification. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

 (4) That the closing argument of the prosecutor was prejudicial error. Suffice it to say, any potential prejudice was overcome by the trial court's instruction to the jury [1] which followed the argument.

Finding no merit in the contentions discussed or any other contentions of appellants, we affirm.

---

[1]. "Evidence of a defendant's previous conviction of a felony, or previous convictions, as in this case, is to be considered by you only insofar as it affects the credibility of the defendant as a witness, that is, whether or not he told the truth, and must not be considered as evidence of guilt of the offense for which the defendant is on trial." Trial Transcript, Volume 5 at 367.