**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Robert PAYNE, Defendant-
Appellant.**

**No. 25070.**

United States Court of Appeals,
Ninth Circuit.

July 2, 1970.

**170**

Leonard C. Hoar, Jr. (argued) Fresno, Cal., for defendant-appellant.

Richard v. Bougler (argued), Asst. U. S. Atty., John P. Hyland, U. S. Atty., Fresno, Cal., for plaintiff-appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and WILLIAMS, District Judge.

DAVID W. WILLIAMS, District Judge:

Appellant asks reversal of his conviction by a jury on charges of possession of a dangerous drug and encouraging and furnishing a minor with said drug. He claims that the trial court erred in refusing to suppress evidence that was discovered after a warrantless search of a nearby automobile. We agree.

Richard Payne, age 18, traveled with his 17 year old girl friend, Andria, and another young couple, Brian and Mary, from Alameda to spend a weekend camping in Yosemite. They drove up together in Brian's Volkswagen and after encountering crowded campsites due to the Memorial Day holiday period, were finally assigned No. 118 by a park ranger. During the daylight hours of May 31, 1969, the four hiked and played in the valley and at times were visited by other young people, some of whom arrived in other cars.

Camping nearby with his family was Charles Blackmore, an off-duty San Jose police officer, who was on vacation. His campsite was from 100 to 150 feet away from where Payne and his companions were located and across a roadway. From this distance he claims that at about 5:30 P.M. he saw what appeared to him to be young people smoking a marijuana cigarette and passing it around amongst themselves. From this distance he also claims he saw "furtive movements; going to the glove compartment, reaching inside, bringing out a plastic bag which was readily visible, the reaching in of this bag * * * and getting the water for the washing down of what appeared to be dangerous drugs." Record, Vol. 1, at 29.

Blackmore immediately went to the rangers' quarters to report what he had seen but they were too busy to investigate. Three hours later at about 8:30 P.M. Park Ranger James Wolfe responded to Blackmore's second request and in the darkness the two of them crossed the road and approached the scene of the earlier happenings. They came upon appellant and his girl friend preparing to bed down in sleeping bags. As the ranger stood off to one side to observe, Blackmore, dressed in civilian clothes, walked up and said, "I'm a police officer; may I search your car?" At this point at the trial a conflict in the evidence developed. Blackmore claims that Payne said, "Yes" and Payne insists that his only answer was, "It's not ours." Since Brian, the owner of the car, and Mary were away hiking and were not present at the time of the search there is no contention that their consent was obtained.

Blackmore searched the car and found 12 seconal capsules in the glove compartment and handed them to Wolfe who placed the two young people under arrest. No marijuana was found anywhere during the search. Appellant contends that the search and seizure was illegal. It is agreed that no warrant had been secured.

The Fourth Amendment to the Constitution protects individuals from unreasonable searches and seizures. Appellees argue, however, that even if the search were illegal, it was conducted by a private person rather than a public official and consequently does not enjoy constitutional protection. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L. Ed. 1048 (1921); United States v. McGuire, 381 F.2d 306 (2nd Cir. 1967). The Government urges that Blackmore was without jurisdiction in Yosemite National Park and consequently his actions, even if they effected a wrongful seizure of appellant's property, cannot be used to invoke the protection of the Fourth Amendment.

We agree that Blackmore was acting in the capacity of a private citi-

zen when he seized the capsules. However, it is clear that the participation of Ranger Wolfe in the events described were of such a nature that the search and seizure and later arrest of appellant can only be construed as having been done under the observation, guidance, direction and consent of a public official, making it governmental in nature. As stated by Justice Frankfurter in Lustig v. United States, 338 U.S. 74, 78–79, 69 S.Ct. 1372, 1374, 93 L.Ed. 1819 (1949),

"(A) search is a search by a federal official if he had a hand in it. * * * The decisive factor in determining the applicability of the *Byars* case [Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520] is the actuality of a share by a federal official in the total enterprise of securing and selecting evidence by other than sanctioned means. It is immaterial whether a federal agent originated the idea or joined in it while the search was in progress. So long as he was in it before the object of the search was completely accomplished, he must be deemed to have participated in it."

In the instant case, Ranger Wolfe was summoned at the insistence of Blackmore. He was apprised of possible illegal activity and accompanied Blackmore to appellant's campsite; he allowed Blackmore to briefly question appellant; he allowed him to search the car and then actively participated in arresting appellant and his companion. Under these circumstances the search and seizure can only be construed as one having been conducted by a federal official.

■■ The legality of the search and seizure cannot be upheld as an incident to a lawful arrest since the arrest came only after the search revealed the presence of seconal capsules. An arrest cannot be justified by the results of a search, however incriminating they may be, if the search is unlawful. Williams v. United States, 273 F.2d 781, 790 (9th Cir. 1959); United States v. Di Re, 332 U.S. 581, 595, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

■ The Government argues that the search was based upon consent. As stated, there is a conflict in testimony as to whether appellant did verbally consent. In view of Payne's youth, lack of any advice as to his rights, and Blackmore's deception in showing credentials which were without effect in Yosemite National Park, it cannot be said that any attempted verbal permission was legally effective. When the prosecution seeks to rely upon consent to justify the lawfulness of a search, it has the burden of proving that the consent was, in fact, freely and voluntarily given. Bumper v. North Carolina, 391 U.S. 543, 548, 88 S. Ct. 1788, 20 L.Ed. 797 (1968); United States v. Curiale, 414 F.2d 744, 747 (2nd Cir. 1969). Though consent may constitute a waiver of Fourth Amendment rights, Zap v. United States, 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477 (1945), to be valid a waiver must be an intelligent relinquishment of a known right or privilege, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Such a waiver cannot be conclusively presumed from a verbal expression of assent. The Court must determine from all the circumstances whether the verbal assent reflected an understanding, uncoerced, and unequivocal election to grant the officers a license which the person knows may be freely and effectively withheld. Cipres v. United States, 343 F.2d 95, 97 (9th Cir. 1965).

■ Finally, the Government contends that the search of an automobile is not subject to the same rules as the search of an office, home or other immovable structure. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L. Ed. 543 (1925); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). While it is true that the Supreme Court has enunciated slightly different rules concerning a search of an automobile without a warrant, the rationale is apparently based upon the fact that a "vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be

sought." Chimel v. California, 395 U.S. 752, 764, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). In the instant case the search of the Volkswagen cannot be justified upon this reasoning. There is no indication in the record that the appellant or any of his party were preparing to leave, and quite to the contrary it is clear that appellant was bedding down for the evening and that there was ample time to secure the necessary warrant for the search of the car had Ranger Wolfe believed there was probable cause to seek one.

For the reasons stated, this search, not incident to a lawful arrest and without effective consent by the appellant, was unreasonable within the meaning of the Fourth Amendment and the conviction is reversed.