Irving NAPUE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 17967.

United States Court of Appeals, Seventh Circuit.

Oct. 19, 1970.

Douglas C. Nohlgren, Chicago, Ill., for petitioner-appellant.

William J. Bauer, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent-appellee; Jeffrey Cole, Asst. U. S. Atty., of counsel, Gary L. Starkman, Ford Foundation Intern.

Before KILEY, KERNER and PELL, Circuit Judges.

KERNER, Circuit Judge.

Petitioner-appellant, Irving Napue, brought a petition to vacate sentence under 28 U.S.C. § 2255, attacking a 1966 jury conviction for violation of the Narcotics Import and Export Act, 21 U.S.C. § 174. The district court dismissed for failure to state a cause of action. We affirm.

Napue was convicted of unlawful concealment of imported narcotics. The elements of this offense under § 174

are (1) that the defendant possessed the narcotics, (2) that the narcotics were illegally imported into the United States, and (3) that the defendant knew that the narcotics were illegally imported. At trial, federal agents testified that Napue participated in a sale of heroin on December 7, 1964. The government did not introduce testimony that the heroin had been illegally imported or that Napue knew that the heroin was illegally imported, both necessary elements for conviction under § 174. The testimony presented by the government indicated only that Napue was in possession of heroin at the time of the sale. Napue denied any involvement in the sale.

■ The government in sustaining its burden, relied on the presumption clause of § 174 which authorizes conviction on mere proof of possession. The clause states:

> Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.[1]

Petitioner was sentenced to a six-year term in the United States Penitentiary at Terre Haute. This court affirmed the conviction, United States v. Napue, 401 F.2d 107 (7th Cir. 1968), and the Supreme Court of the United States denied certiorari. 393 U.S. 1024, 89 S.Ct. 634, 21 L.Ed.2d 568 (1969).

The presumption clause of § 174 presumes the elements of illegal importation and defendant's knowledge of illegal importation if the defendant does not testify. If he does testify, he must admit

that he did possess the narcotics in order to explain satisfactorily that he did not know that the narcotics were illegally imported. Section 174 encourages the defendant to admit possession. Yet, at the same time, this admission could be used against him in a prosecution under state narcotics laws. Thus, petitioner concludes, by compelling a defendant who attempts to refute the presumption to incriminate himself and risk prosecution under state law, § 174 unconstitutionally discourages a defendant from asserting his Sixth Amendment right to testify in his own behalf. Petitioner contends that a defendant must sacrifice his Sixth Amendment right to preserve his Fifth Amendment right against self-incrimination.

In support of his contention, petitioner relies on Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), which held that a defendant cannot be punished for failure to register under the federal gambling tax statute since registration may be an incriminating admission under state law; and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), which applied the same Fifth Amendment principle to registration under the federal gambling excise tax and federal firearm registration acts. Petitioner claims that these cases are applicable because they enunciate the principle that a federal statute which discourages the assertion of a constitutional right by the risk of punishment is unconstitutional.

■ The cases cited by the petitioner, however, are not dispositive of the issue before us. We do not believe the evil to which the Supreme Court directed itself in those cases is present here. The stat-

---

1. The Supreme Court of the United States held in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1969), that the § 174 presumption clause did not violate the due process provision of the Fifth Amendment since there was a rational basis upon which to infer the facts permitted by the presumption from the facts already proved. A similar presump-

tion clause governing possession of marijuana had been held unconstitutional in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). It appears that, so long as the underlying presumption is valid, its use cannot be prohibited by the Fifth and Sixth Amendments.

utes in *Marchetti, Grosso* and *Haynes* compelled incrimination by making it a crime to remain silent. Section 174 merely creates a rebuttable presumption, and the defendant's failure to testify authorizes, but does not necessarily require, conviction. The petitioner would be faced with the same compulsion to testify in any criminal proceeding if the government had proved a *prima facie* case without the use of the presumption.

> Defendant's theory fails because he and other defendants faced with the unpleasant task of rebutting a *prima facie* case are not "compelled" to incriminate themselves. Here the government has not attempted to force any admission, either through oral testimony or, as in the *Marchetti* trilogy, through written disclosures under registration statutes dealing with groups suspected of criminal activities. United States v. Montijo, 424 F.2d 207, 210 (1st Cir. 1970).

As the Supreme Court said in Yee Hem v. United States, 268 U.S. 178, 185, 45 S.Ct. 470, 472, 69 L.Ed. 904 (1924), in rejecting a similar attack on the constitutionality of the § 174 presumption clause:

> [§ 174] * * * does no more than to make possession of the prohibited article *prima facie* evidence of guilt. It leaves the accused entirely free to testify or not as he chooses. If the accused happens to be the only repository of the facts necessary to negative the presumption arising from his possession, that is a misfortune which the statute under review does not create but is inherent in the case. The same situation might present itself if there were no statutory presumption and a *prima facie* case of concealment with knowledge of unlawful importation

were made by the evidence. The necessity of an explanation by the accused would be quite as compelling in that case as in this, but the constraint upon him to give testimony would arise there, as it arises here, simply from the force of circumstances and not from any form of compulsion forbidden by the Constitution.

Our holding is consistent with the rulings in this and other circuits that were confronted with this Fifth and Sixth Amendment issue. See United States v. Peterson, 424 F.2d 1357 (7th Cir. 1970). See also United States v. Camacho, 423 F.2d 707 (9th Cir. 1970); United States v. Montijo, 424 F.2d 207 (1st Cir. 1970); Nutter v. United States, 412 F.2d 178 (9th Cir. 1969); United States v. Armone, 363 F.2d 385 (2d Cir. 1966).

■ In further support of his argument, petitioner cites United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), which held unconstitutional the portion of the federal kidnaping act that required a defendant to plead not guilty and face the risk of capital punishment in order to secure a jury trial. An identical argument was rejected by the Third Circuit in United States v. Turner, 404 F.2d 782 (3d Cir. 1968), on the grounds that § 174 does not have the same "unnecessary and therefore excessive" chilling effect on the exercise of a defendant's constitutional rights as the statute did in *Jackson*. We agree.[2]

For the foregoing reasons, the district court's dismissal is affirmed.

The court wishes to thank Mr. Douglas C. Nohlgren of the Illinois bar for his most competent and conscientious representation of the petitioner-appellant in this appeal.

Affirmed.

---

2. The Third Circuit in *Turner* also rejected the argument that § 174 amounted to unfavorable comment on a defendant's failure to testify in his own behalf, as prohibited by Griffin v. California, 380

U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Section 174 merely shifts the burden of going forward with the evidence.