UNITED STATES of America,
Appellee,

v.

Harold David GIBBS, Jr., Appellant.

UNITED STATES of America,
Appellee,

v.

Jose Felipe FERNANDEZ–ORTIZ,
Appellant.

Nos. 25271, 25286.

United States Court of Appeals,
Ninth Circuit.

Nov. 19, 1970.

Rehearing Denied in No. 25271
Dec. 23, 1970.

Howard E. Beckler, Hollywood, Cal., Leon Thikoll, Tucson, Ariz., for appellants.

Richard K. Burke, U. S. Atty., James M. Wilkes, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before MADDEN,* Judge of the United States Court of Claims, and HAMLEY and TRASK, Circuit Judges.

TRASK, Circuit Judge:

Appellants were jointly tried before a jury and convicted on two counts of knowingly receiving, concealing and facilitating the transportation and concealment of marihuana in violation of 21 U.S.C. § 176a and of conspiracy to violate 21 U.S.C. § 176a. Both appellants were sentenced to five years imprisonment on each count, to be served concurrently. They have prosecuted separate appeals which we have consolidated for argument and disposition.

The pertinent facts are as follows: At approximately 8:00 P.M. on April 29, 1969, Special Agent Rex Holgerson of the United States Customs Service in Nogales, Arizona, received a telephone call from a known informer whom he believed to be in Mexico. The caller, speaking Spanish, informed him that a green 1955 Buick sedan and a white Ford pickup truck, both with Mexican license plates, were then parked in a supermarket parking lot in Nogales, one-third block from the Mexican border. The Buick contained a load of marihuana and, later that evening, persons unknown to the informer would pick up the Buick and drive it north from Nogales. The informer added that the pickup was also involved in the operation.

Agent Holgerson proceeded immediately to the parking lot and discovered the two vehicles there. The details given by the caller were accurate in every respect. Holgerson detected a strong odor of marihuana emanating from the area of the vehicles. About one-half hour later, Holgerson observed three people—later identified as the two defendants and one Elvira Galvan Rodriguez [1]—approach the vehicles together. Gibbs carefully walked around the Buick while the others remained at the rear of the cars. The three then left the parking lot. Soon thereafter, Gibbs and Fernandez-Ortiz returned to the lot but again walked away.

Agent Horace Cavitt, whom Holgerson had summoned, approached the Buick and, looking underneath it, discovered a specially-built iron compartment welded to the frame of the car. The compartment contained a large number of green packages. The odor of marihuana was very strong underneath the car. Agent Holgerson then peered underneath the car and confirmed the observation.

As Holgerson completed the examination, about 9:00 P.M., Fernandez-Ortiz

* Hon. J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

1. Miss Rodriguez was indicted and tried jointly with the appellants. The trial judge granted her motion for a judgment of acquittal at the close of the prosecution's case.

reappeared and drove the Ford pickup out of the parking lot and into Mexico. At approximately 9:30 P.M., Gibbs and Fernandez-Ortiz entered the lot. Gibbs replaced the Mexican license plates on the Buick with California plates as Fernandez-Ortiz looked up and down the street. About fifteen minutes later, Gibbs took the Buick out of the parking lot and drove it several blocks northward until he was apprehended by Holgerson. A search of the compartment underneath the car's frame revealed one-hundred five pounds of marihuana. At the same time, another agent apprehended Fernandez-Ortiz as he prepared to enter a taxicab.

Appellants argue that the agents' search of the underside of the car while it was parked in the lot violated their Fourth Amendment right to be free of unreasonable searches. They further contend that the trial court erred in refusing to order the disclosure of the identity of the informer. Appellant Gibbs also asserts that the government failed to introduce any evidence that the marihuana had been imported into the United States contrary to law. We affirm.

### (1) Validity of the search

Appellants allege that the agents' inspection of the underside of the Buick sedan constituted an unlawful, warrantless search and the evidence obtained as a result of that search—the marihuana —was inadmissible at trial. Appellants contend that, even though the evidence was located in an area which might be termed accessible to the public, they sought to preserve it as private and it is therefore constitutionally protected. See Katz v. United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

■ Assuming *arguendo* that the agents' visual inspection constituted a search and that both appellants have standing to object to that search, the Fourth Amendment does not prohibit the warrantless search of a vehicle if it is made upon probable cause. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). We think that the agent had probable cause to inspect the vehicle. He had received a detailed tip from a known informer to the effect that the automobile contained marihuana. The tip proved correct in every other detail. Moreover, there was a *strong* odor of marihuana around the automobile.

■ The Supreme Court has held that, assuming the existence of probable cause, vehicles may be searched under circumstances which would not justify a warrantless search of a house, office or other immovable structure. Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 221, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). The reason for this distinction is that vehicles can be quickly moved out of the jurisdiction in which the warrant must be sought. Chimel v. California, 395 U.S. 752, 764 n. 9, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Carroll, *supra,* 267 U.S. at 153, 45 S.Ct. 280. Here, despite the fact that the automobile was unoccupied at the time of the search, the agents had reasonable cause to believe that it would soon be moved outside the jurisdiction. The informer—reliable in all particulars to this point—had reported at 8:00 P.M. that the automobile would be driven north that evening. Moreover, two persons—later identified as the appellants—had twice approached and carefully examined the vehicle.[2]

We hold that, under the facts of this case, the agents' visual inspection of the vehicle was not an unreasonable search.

2. The mobility of the object to be searched without a warrant distinguishes this case from Wattenburg v. United States, 388 F.2d 853 (9th Cir. 1968), cited by appellants. The likelihood that the vehicle would be quickly moved outside the jurisdiction distinguishes the case from United States v. Payne, 429 F.2d 169 (9th Cir. 1970).

### (2) *Refusal to disclose informer's identity*

Appellants, at the hearing on their motion to suppress evidence and again at trial, requested the court to order the government to reveal the name of the informer who telephoned Agent Holgerson. Appellants now allege that the court erred in denying these requests.

■ There is no absolute rule entitling a defendant to disclosure of the name of an informer who has furnished information used against him. The court must weigh the interest of the defendant's right to prepare a defense against the public policy of conserving the usefulness of an informer and protecting him personally. The Supreme Court said in Roviaro v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L. Ed.2d 639 (1957):

> "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

See also McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); United States v. Ybarra, 430 F.2d 1230 (9th Cir. 1970).

■ Appellants argue, and this court has acknowledged, that disclosure is required where it would be "relevant and helpful" to the defense because the informer was a participant in or a witness to the crime charged. Roviaro, *supra*, 353 U.S. at 60, 77 S.Ct. 623; Lopez-Hernandez v. United States, 394 F. 2d 820, 821 (9th Cir. 1968). In this case, however, there is no evidence that the informer in any way participated in the venture or witnessed any part of it.[3]

Under the circumstances of this case, we consider the public's interest in the protection of informers overrides the appellants' interest in identification. We do not think that knowledge of the informer's identity would have been of material benefit to appellants' defense. We hold that the district court did not err in refusing to disclose the identity of the informer.

### (3) *Evidence of importation contrary to law*

■ Appellant Gibbs asserts that the government failed to introduce any evidence that the marihuana was imported or brought into the United States contrary to law, as required under 21 U.S. C. § 176a. We think that there was considerable circumstantial evidence from which the jury could find beyond a reasonable doubt that the marihuana was imported contrary to law. Evidence of importation included the following: Agent Holgerson testified that he believed that the informer's telephone call originated in Mexico; both vehicles displayed Mexican license plates; approximately one-half hour before Gibbs and Fernandez-Ortiz changed the license plates, Fernandez-Ortiz drove the pickup back into Mexico; the vehicles were parked one-third block from the Mexican border, and Gibbs began to drive the marihuana-laden Buick northward. The clandestine switch of license plates and overall secretive conduct of both appellants was evidence that the operation was being conducted contrary to law.

The judgments are affirmed.

---

3. The factual circumstances of this case more closely approach those in Encinas-Sierras v. United States, 401 F.2d 228 (9th Cir. 1968); Bloomer v. United States, 409 F.2d 869, 871 (9th Cir. 1969), and United States v. Camacho, 423 F.2d 707 (9th Cir. 1970).