110 So.2d 495 (1959)
Roosevelt HARRINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. A-336.
District Court of Appeal of Florida. First District.
March 17, 1959.
Rehearing Denied April 10, 1959.
*496 T.J. Jennings, Jr., Green Cove Springs, for appellant.
Richard W. Ervin, Atty. Gen., David U. Tumin, Asst. Atty. Gen., and Eugene P. Spellman, Asst. Atty. Gen., for appellee.
ORVIL L. DAYTON, Associate Judge.
Appellant, defendant below, appeals from a conviction on the first count of an information charging him with having aided and assisted in the setting up, promotion and conduct of a lottery.
The court denied defendant's pre-trial motion seeking to quash a search warrant pursuant to which certain property used in lotteries was seized from him as an incident to his arrest, suppress the evidence obtained thereunder, and to have returned to him the property confiscated from him under such search warrant. The motion was based on the ground that the affidavit upon which the warrant issued did not show probable cause as required by Section 22, Declaration of Rights, Constitution of Florida, F.S.A. The property seized pursuant to the warrant was admitted in evidence at the trial over defendant's objections.
The subject property was seized from a taxicab operated by defendant. The affidavit upon which the search warrant issued was made by the sheriff of Putnam County on September 7, 1957. It properly described the thing to be searched as an automobile owned and operated by appellant as a taxicab in Palatka, Florida, and recited that he had reason to believe and did believe that such automobile was being used in connection with gambling. As reason for such belief affiant stated that on September 5, 1957, a confidential informer well known to affiant advised affiant that he, the informer, had personally been on certain premises in Palatka, Florida, on repeated occasions on Saturday evenings, and advised affiant that in his presence and sight lottery and bolita tickets and the money therefor had been deposited in a brown paper sack and the said sack thereupon been given to the said Roosevelt Harrington who promptly took it to the described automobile and placed it therein and thereupon drove off. Affiant further stated that the confidential informer advised affiant that such actions had occurred *497 on the night of Saturday, August 31, 1957, and each Saturday theretofore for a long period of time; and affiant further stated that he had personally seen the subject taxicab being driven from Palatka to Green Cove Springs at a late hour on a number of "recent Saturday nights."
Appellee contends that appellant's assignments of error do not comply with Rule 3.5, subd. c, Florida Appellate Rules, 31 F.S.A., in that the grounds relied on are not detailed. One ground of error recites: "1. The Court erred in and by overruling and denying a motion for new trial." That motion contains eight grounds. While the proper practice is to detail the grounds to be argued and relied upon here, we find the motion for new trial in the record on appeal, and in the interest of justice will consider the points argued on appeal that are fairly raised by the motion. In doing so we take note that a restatement of those grounds as assignments of error would have satisfied the rule.
The only material questions raised by the appellant are: first, whether the search warrant was supported by an affidavit showing probable cause; second, whether the sheriff, upon whose affidavit the warrant issued, was required to disclose the name of the confidential informer.
The first question is answered in the affirmative. The facts recited by the affidavit are sufficient in law and in fact to support the search warrant based thereon. It follows that the trial court properly denied the motion to quash the search warrant, to suppress the evidence procured thereunder, and to have the contraband property returned to the defendant.
We are unable to agree with appellant's contention that it is incumbent on the state to disclose to him the identity of the confidential informer whose statements to the party making the affidavit supporting the search warrant constitute the basis for the belief of affiant that the law is being violated, and without which the affidavit would be insufficient to show probable cause for the issuance of the warrant contemplated by Section 22, Declaration of Rights, Constitution of Florida. The test is not whether the affiant should or should not rely on the information provided by the informer, but simply whether he did rely upon it and whether the circumstances stated by the affidavit are reasonably sufficient to warrant the conclusion that it is likely the law is being violated, not that the law actually has been violated or that as a result of the search it will necessarily be disclosed that a violation exists.
It is well settled that an officer may rely upon information as adequate to support an affidavit for a search warrant, although such information might not be considered admissible at the trial under applicable rules of evidence. Chacon v. State, Fla., 102 So.2d 578. The privilege whereby law enforcement officers are not required to disclose the identity of those furnishing information with regard to the commission of crimes is based on sound public policy and has long been recognized by the courts of this country and of England. Hardy's Trial, 24 How.St.Tr. 99 (1794); United States v. Moses, 1827, 27 Fed.Cas. page 5, No. 15,825, 4 Wash.C.C. 726. It is common knowledge that without the aid of confidential informants the discovery and prevention of crime would present such a formidable task as practically to render hopeless the efforts of those charged with law enforcement. And the alarming fact that the underworld often wreaks vengeance upon informers would unquestionably deter the giving of such information if the identity of the informer should be required to be disclosed in all instances.
What we have said is not to be construed as indicating that such disclosure is absolutely privileged. The trial court may compel the disclosure when necessary to avoid the risk of false testimony or to secure useful testimony. 3 Wigmore on Evidence, 3 Ed., Section 2374. The rule *498 is succinctly stated in Wharton's Criminal Evidence, 12 Ed. 1955, Section 795, page 136: "The distinction is materiality. When such information is material to the issue, it cannot be withheld. But when it is immaterial the courts will not compel its disclosure." We find nothing in the case on review to warrant the application of this exception to the general rule. The identity of the informant is in no manner material in determining the guilt or innocence of the defendant who produced no testimony whatever in rebuttal of the state's case.
Other points presented by appellant have been considered and found to be without merit.
Affirmed.
STURGIS, C.J., and WIGGINTON, J., concur.