**Marco Antonio LOPEZ-HERNANDEZ,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21750.**

United States Court of Appeals
Ninth Circuit.

May 10, 1968.

Jerry É. Berg, San Jose, Cal., for appellant.

Edward E. Davis, U. S. Atty., Jo Ann D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLEY and ELY, Circuit Judges, and WEIGEL, District Judge.

ELY, Circuit Judge:

Appellant was charged with the violation of 21 U.S.C. § 174 in having fraudulently and knowingly imported a quantity of heroin into the United States from Mexico. He appeals from a judgment of conviction entered after trial to a jury in the District Court. We reverse.

Appellant alleges that the District Court committed prejudicial error in refusing to require the Government to reveal the identity of an informant. Additionally, appellant urges that the evidence was insufficient to support his conviction.

On June 19, 1966, six United States Customs Agents and Arizona State Officers secreted themselves near a point on the International Boundary near Nogales, Arizona. Shortly thereafter, Customs Agent Washington, accompanied by the unidentified informant, arrived at the scene. There the two met with appellant. There was testimony that appellant asked Washington "if he had the money," whereupon Washington led the appellant to Washington's parked vehicle and showed him $5,000 in cash. Appellant then crossed the border into Mexico, conferred with a companion, and returned to the spot where Washington waited. Washington testified that appellant then produced a small rubber contraceptive, representing that it contained heroin. At that point the concealed officers revealed themselves and took appellant into custody.

The trial commenced in November 1966. On the second day of trial, during cross-examination of Customs Agent Cavitt, one of the arresting officers, appellant requested that the identity of the informant be disclosed. There was objection to the request on the ground of immateriality. The objection was

sustained. During subsequent cross-examination of Customs Investigator Turner, another of the arresting officers, appellant again requested that the Government be required to reveal the informant's identity. Again an objection as to materiality was sustained. When counsel explained that the informant was an eyewitness whose testimony was material, the court then ruled that the request was untimely.

In light of the extent of the informant's participation in the events culminating in appellant's arrest and his presence as a witness, it cannot be said that disclosure of his identity would not have been "relevant and helpful" to appellant's defense. Roviaro v. United States, 353 U.S. 53, 60, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). There was testimony that it was the informant who had arranged the meeting between Washington and appellant. His participation was sufficient to raise the issue of entrapment. Notaro v. United States, 363 F.2d 169, 174 n. 6 (9th Cir. 1967). The informant was apparently present during the negotiations at the border and participated in them. The appellant testified that he did not bring any heroin across the border. There were significant conflicts between the testimony of Washington and that of the appellant, conflicts which might have been more easily resolved with the aid of the informant's testimony. Under these circumstances, refusal to require the Government to identify its informant was prejudicial error under the teaching of *Roviaro.* See Velarde-Villarreal v. United States, 354 F.2d 9 (9th Cir. 1965). Compare Lannom v. United States, 381 F.2d 858 (9th Cir. 1967), cert. denied, 389 U.S. 1041, 88 S.Ct. 784, 19 L.Ed.2d 833 (1968).

In support of the District Court's ruling, the Government urges that appellant's requests for disclosure, made after the trial was in progress, were untimely. In the circumstances of this case, this contention should be, and it is, rejected. There is no showing that

the requests were made in bad faith or for dilatory purposes or that requiring disclosure would have resulted in unreasonable delay.

Since there must be a retrial, we do not now reach the question of the sufficiency of the evidence.

Reversed.