PER CURIAM.
This is an appeal by the defendant from a judgment of conviction on two counts of possession and one count of sale of marijuana. Two one year sentences were imposed, to run concurrently, and probation was granted on one count. On consideration of the record and briefs we conclude no reversible error has been demonstrated, and affirm.
The motion to suppress, as evidence, the marijuana involved in the alleged sale, was properly denied on the showing relating to its custody, on the authority of Stunson v. State, Fla.App. 1969, 228 So.2d 294.
The appellant contends the judgment should be reversed and a new trial granted for denial by the trial court of his motion to require the state to disclose the identity of a confidential informant. The testimony presented by the state on the sale count revealed a sale of marijuana made by the defendant to an officer (who so testified) at a time when the informant was present. Appellant relies on Monserrate v. State, Fla.App.1970, 232 So.2d 444. That case is distinguishable. There the evidence disclosed that the sale of a drug was made to the informant, who then delivered it to an officer who it appears was present, whereas here the evidence showed the sale was made to the officer. In the situation presented in this case the failure to require disclosure of the state’s confidential informant was not reversible error. See Harrington v. State, Fla.App.1959, 110 So.2d 495, 497-498; Garcia v. State, Fla.App.1959, 110 So.2d 709, 711; Treverrow v. State, Fla.1967, 194 So.2d 250, 252. Cf. Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639.
A further contention of the appellant is that the court committed error in denying his motion for mistrial made on the ground that the prosecutor in argument had commented on failure of the defendant to testify. We do not so view the prosecutor’s *215 statement, which was a comment on the evidence. See Gray v. State, 42 Fla. 174, 28 So. 53, 54; Clinton v. State, 56 Fla. 57, 47 So. 389, 390.
Judgment affirmed.