MIKE GILL, a/k/a MICHAEL GILL *v.*
STATE OF MARYLAND

[No. 468, September Term, 1970.]

*Decided April 5, 1971.*

594

The cause was argued before MURPHY, C.J., and MORTON and MOYLAN, JJ.

*Robert C. Heeney* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, State's Attorney for Montgomery County,* and *William T. Wood, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Mike Gill, also known as Michael Gill, was convicted in the Circuit Court for Montgomery County by a jury, presided over by Judge Ralph G. Shure, under each count of a three-count indictment, charging (1) the sale of LSD, (2) conspiracy to sell LSD, and (3) possession of LSD.

On appeal, he contends:

(1) That the trial court committed error in refusing to make the State reveal the name of a confidential informant,

(2) That he was entitled to the defense of entrapment,

(3) That the evidence was legally insufficient to prove a) a "sale, barter or trade" of LSD, b) possession of LSD

by the appellant, or c) a conspiracy between the appellant and one William Mark Curtis.

In the autumn of 1969, Detective Corporal Fremeau of the Montgomery County Police Department was, in his undercover capacity, posing as a trafficker in contraband drugs. Through the confidential informant, the revelation of whose identity is at issue, Detective Fremeau was put in touch with William Mark Curtis. Detective Fremeau requested of Curtis some LSD. Curtis did not have any but agreed to make an effort to obtain some. He then drove with both Detective Fremeau and the informant to the Four Corners Shopping Center in Silver Spring, Maryland. He parked his car at an Esso Station and made a telephone call. Curtis testified that the call was to the appellant. The appellant agreed to obtain LSD and to bring it to an agreed meeting place with Curtis. Shortly thereafter Curtis, accompanied still by Detective Fremeau and the informant, met with the appellant in the rear of the Woodmore Shopping Center in Silver Spring. Curtis approached the appellant and asked the appellant whether or not he had "it". The appellant replied in the negative and walked away. Curtis followed him. Detective Fremeau had been with Curtis and the appellant during this brief verbal exchange but then remained discreetly behind as the other two walked off and ultimately entered the appellant's automobile. The informant was not even standing there as part of the group during the initial verbal exchange but later walked up and joined Detective Fremeau as they waited for Curtis to return.

Detective Fremeau observed Curtis and the appellant enter the appellant's automobile. He further observed the appellant take a package from the general area of under the dashboard of his automobile or from the glove compartment and hand it to Curtis. Curtis was then observed placing the package in his left coat pocket. Curtis and the appellant conversed for approximately thirty seconds. Curtis then walked away from the automobile and the appellant drove away from the area. Curtis then returned

to where Detective Fremeau was standing with the informant and the three of them then drove away in the informant's automobile. Once inside the informant's automobile, Curtis produced the package and sold to Detective Fremeau five tablets of LSD, 2 tablets of PCP and two capsules of mescaline. Subsequent chemical analysis verified that the five tablets of supposed LSD were in fact LSD. Detective Fremeau paid $16 to Curtis.

The appellant contends that because the informant was a witness to these events of November 29, 1969, generally and because he might have observed the transfer of a package from the appellant to Curtis and because he might contradict Detective Fremeau in terms of Detective Fremeau's observation of that transaction, he is therefore necessary and relevant to a fair defense.

The general rule in Maryland with respect to the disclosure and identity of an informant was set forth recently by this Court in *Whittington v. State,* 8 Md. App. 676, when this Court said at 678:

> "In *Nutter v. State,* 8 Md. App. 635 (1970), we discussed the question of the disclosure of the identity of an informer. We enunciated a general rule and an exception to it. The State has the privilege to withhold from disclosure the identity of informers; except, on the issue of guilt or innocence, and upon demand by the defendant, the trial court may, in the exercise of judicial discretion, compel such disclosure upon determination that it is necessary and relevant to a fair defense."

We there held that the burden is upon the appellant to establish by a preponderance of the evidence that the informant's identity is necessary and relevant to a fair defense. In determining the necessity of revealing the identity of an informant, the trial court may consider a number of factors:

> "As the court's determination includes the consideration of such factors as the nature of the

> crime charged; the importance of the informer's identity to the issue of innocence or guilt, as for example, whether or not the informer was an integral part of the illegal transaction and the possible significance of his testimony; and the possible defenses, the defendant may adduce such relevant and material evidence as is pertinent thereto." *Whittington v. State, supra,* p. 678.

We do not feel in the case before us that the informant was "an integral part of the illegal transaction." We do not feel that the defense has met its burden of establishing by a preponderance of the evidence the necessity for revealing his identity. To do so on the pure speculation that he might contradict the State's key witness would be to vitiate the very important "public interest in protecting the flow of information to the police." *Whittington v. State, supra,* p. 679. In this case the trial court followed the recommended practice of hearing argument out of the presence of the jury to determine the necessity of revealing the identity of the confidential informant. He ruled that the appellant had not met his burden of showing a necessity. We cannot say that he abused his discretion.

Even assuming that the question of entrapment was properly raised by the appellant at the trial by virtue of his motion for judgment of acquittal, the defense would not avail him in this case. In finding that the appellant was "ready and willing without persuasion [to commit the offense charged in the indictment] and was. . .awaiting any propitious opportunity to commit the offense," *United States v. Sherman,* 200 F. 2d 880 (2d Cir. 1952) at p. 882, the trial court was not, in our judgment, clearly wrong.

By the same token, it is clear that from the testimony of Detective Fremeau and of Curtis sufficient facts were adduced to permit the trier of fact to conclude (1) that the appellant had sold LSD, (2) that the appellant was in possession of LSD, and (3) that the appellant conspired

with Curtis to sell LSD. *Williams v. State,* 5 Md. App. 450, 459, and *Metz v. State,* 9 Md. App. 15, 23.

*Judgments affirmed.*