FRED KOLB v. STATE OF INDIANA.

[No. 571S145. Filed May 15, 1972. Rehearing denied July 11, 1972.]

*James G. McDonald, Jr., Charles R. Nixon, McDonald, Mc-Donald & Nixon,* of Princeton, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—Appellant Fred Kolb was charged by affidavit with the offense of "Possession and Control of Narcotics With Intent to Give Them To Another Person." Appellant waived arraignment and entered a plea of not guilty. Three days later, a second affidavit was filed charging Kolb with "Furnishing Alcoholic Beverages To A Minor." On this second affidavit Kolb was arraigned and entered a plea of not guilty. The two offenses were consolidated for trial.

The case was brought to trial on November 19, 1970, at which time appellee made an oral motion to amend the affidavit on the alcoholic beverage charge. The motion was sustained by the court. Prior to the amendment, the affidavit charged that appellant did "furnish an alcoholic beverage, to wit: beer, to a person under the age of nineteen (19) years . . ." The amendment changed the word and figure "nineteen (19)" to "twenty-one (21)." Appellant then moved for a continuance which was denied by the court.

The case proceeded to trial by jury. An oral confession by Kolb on the alcoholic beverage charge was determined by the judge to have been voluntary and was admitted into evidence.

The jury returned guilty verdicts on each charge, but did not fill in the blanks on the verdict form for assessment of punishment on the alcoholic beverage misdemeanor charge. Judgment was issued on the verdicts for the separate charges. The judgment on the felony narcotics charge is as follows:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DE-CREED that the defendant be, and he hereby is, sentenced to the Indiana State Prison for not less than five (5) years nor more than twenty (20) years and that he be fined in the sum of Five Hundred Dollars ($500.00) and pay the costs taxed in this action."

The judgment on the alcoholic beverage charge is as follows:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DE-CREED by the Court that the defendant is guilty of furnishing an alcoholic beverage to a minor but that no punishment be assessed."

The appellant raises a total of twenty-one issues in the Statement of Issues portion of his brief. However, two of the original 21 issues are waived in the argument portion of his brief. Additionally, some of the issues raised involve the same legal considerations and are consolidated in this opinion.

Appellant's first assignment of error involves appellee's motion to allow the State to amend its affidavit by substituting the words and figure "twenty-one (21)" in place of "nineteen (19)." The appellant argues that such an amendment is an amendment in *substance* rather than *form,* and is not to be allowed after the defendant has entered a plea in a criminal case.

IC 1971, 35-1-23-26, *Ind. Ann. Stat.* § 9-1127 (1956 Repl.), provides in pertinent part, that:

"No indictment or affidavit shall be deemed invalid . . . for any of the following defects:
. . . .
Sixth.  for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged.
. . . .
Tenth.  For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The statute under which appellant was charged, IC 1971, 7-2-1-9, *Ind. Ann. Stat.* § 12-438 (1971 Supp.) defined the offense of furnishing alcoholic beverage to any person under twenty-one (21) years of age. The affidavit as to this charge originally stated the offense charged as follows:

"William R. Bennett, being duly sworn, on oath says that Fred Kolb on or about the 17th day of September, A.D., 1970 at the County of Gibson, in the State of Indiana, did then and there unlawfully furnish an alcoholic beverage, to-wit: Beer, to a person under the age of nineteen (19) years, to-wit: Betty Gunter, age nineteen (19), contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The affidavit in this case, both before and after the amendment, alleged the crime to be that Kolb unlawfully furnished beer to one Betty Gunter, age nineteen. That statement was ample to inform appellant of the charge he would have to meet, so that the amendment was not contradictory and did not change the offense. The change was of *form rather than substance.* Appellant does not point out that he was surprised or prejudiced by the amendment.

Appellant's next allegation is that the court erred in not declaring a mistrial when, during voir dire, the Court admonished appellant's counsel for arguing to the jury at an improper time. The appellant contends that such an admonishment prejudiced appellant's counsel in the minds of the jurors and all other prospective jurors.

The appellee correctly points out in this regard that without a transcript of these matters, there is no way that a determination can be made whether the trial court erred and what was said or argued. Current Indiana cases hold that failure to present such an adequate record waives any error. *Nix* v. *State* (1960), 240 Ind. 392, 166 N. E. 2d 326; *Torrence* v. *State* (1971), 255 Ind. 618, 266 N. E. 2d 1; *Burns* v. *State* (1970), 255 Ind. 1, 260 N. E. 2d 559. We, therefore, are unable to find any merit in this allegation.

Appellant's next assignment of error alleges that the court erred in overruling defendant's motion for a continuance made after the State was permitted to amend its affidavit upon oral motion. There were no grounds for continuance otherwise, since the evidence showed she was 19

years old. All facts alleged were true. The affidavit was merely more particular than necessary. As noted above, the amendment in the affidavit was one of form, not substance. Therefore, appellant's request for a continuance was properly refused. IC 1971, 35-1-23-7, *Ind. Ann. Stat.* § 9-1124 (1956 Repl.), reads in pertinent part, as follows:

> "No amendment of the affidavit shall cause any delay of the trial, unless for good cause shown."

The amendment being proper, no delay should be allowed without a showing of good cause. Appellant has made no such showing. In addition, in *Way* v. *State* (1946), 224 Ind. 280, 66 N. E. 2d 608, we find the following statement:

> "There is no showing in the record that the amended affidavit filed on the date of trial was different in substance from the original, that it was based on other or different facts, that it would require other or different evidence to refute it, or that defendant would need other or additional witnesses than were required if the trial had been on the original affidavit. In such a situation we must presume that the trial court properly exercised its discretionary powers. Its ruling will be presumed to be in accordance with the justice and merits of the case. We cannot presume that it has abused its discretionary powers, or that appellant's rights have been injuriously affected. *Roberts* v. *State, supra; Detro* v. *State, supra; Neal* v. *State* (1938), 214 Ind. 328, 332, 333, 14 N. E. (2d) 590, 15 N. E. (2d) 950."

Appellant made no showing of abuse of discretion on the part of the trial court.

The next assignment of error alleges that the trial court erred in permitting the State of Indiana to proceed to trial upon the amended affidavit following a substantive change. We have already decided that the change in the affidavit was one of form, not substance, and, therefore, the trial court was correct.

The next issue raised by appellant questions the propriety of the trial court's action of refusing to let one Betty Gunter

answer a question put to her on cross-examination by the defense. The question at issue, as found in the transcript, is the following:

"Q. You mean that bartender's certificate doesn't say that I swear that I am at least twenty-one years of age?

OBJECTION to that question as to what it says. It would be the best evidence to have it here itself.

BY THE COURT: I think that's objectionable. Objection sustained."

The appellant claims that this question was asked for the purpose of testing her credibility since Miss Gunter was under age and could not legally possess a bartender's license. The objection was sustained on the basis of the best evidence rule which was proper. As to the impeachment of the witness, the witness clearly admitted her age was 19 at the time she signed the certificate. This fact was heard by the jury. Therefore, the purpose of the original question had been achieved already and the appellant can show no prejudice.

The appellant next alleges that it was error for the court to allow the witness, Betty Gunter, to answer a question propounded to her upon re-direct. The testimony in question and the objection to it are as follows:

"Q. 19 Now, Mr. McDonald asked if you were afraid. Did you get any telephone calls yesterday?

A. Yes, I did. Not yesterday, day before.

A. 20 What were those telephone calls?

BY MR McDONALD:
I object to the telephone calls, Your Honor, for this reason. Unless it is specifically shown by Mr. Marshall—Now, this is only done to interject into this case an inuendo that somebody threatened this woman and I object on the grounds that it is prejudicial to the interests of my client and is asked solely for the purpose of prejudicing the jury against my client unless it can be affirmatively demonstrated to this court the person making the telephone call.

BY MR. MARSHALL:

Your Honor, I think Mr. McDonald would ordinarily be right but he asked the question on cross-examination whether she was afraid of anybody, he has opened the door, I think we have a right to walk in and find out if there is anything else to cause her to be afraid.

BY MR McDONALD:

This is improper re-direct examination. Mr. Marshall asked her on direct examination if she was afraid of anybody and now suddenly he determines on re-direct examination that he should ask her whether or not she received any threatening phone calls.

BY THE COURT:

I think the door has been cracked open. You got it partly open and I think you can open it on up now.

Q. 21  You may answer. Tell us about these phone calls you had day before yesterday.

A.  I had a phone call day before yesterday and about two weeks ago, maybe longer, and it was a real funny voice. They said 'Don't show up to court, if you do there will be trouble. I know you're trying to get your daughter back after this is over with and I know your whole family and everything and there could be trouble,' and that was all that was said."

The admission of this testimony we believe was proper. On cross-examination the defense questioned the witness as to her fears and therefore, opened the door for the state to delve in more detail into her emotional condition. Furthermore, the question here under consideration does not fall under the rule that in order for evidence of a telephone conversation to be admissible, the identity of the parties must be made known. The testimony was offered for the purpose of clarifying remarks brought up on cross-examination and the testimony merely was offered to show that the witness was placed in fear and the circumstances involved,

not for the purpose of disclosing the substance or truth of the conversation. Admission for such a limited purpose is proper. *United States* v. *Platt* (7th Cir. 1970), 435 F. 2d 220; *United States* v. *Hickman* (7th Cir. 1970), 426 F. 2d 515.

Appellant next questions the admissibility of several of the state's exhibits because the appellant feels a proper chain of custody of the exhibits was not established in accordance with the "chain of custody" rule promulgated by the case of *Graham* v. *State* (1970), 253 Ind. 525, 255 N. E. 2d 652. Appellant further contends that since a chain of custody was not established, the evidence was not admissible and therefore the verdict is not supported by sufficient evidence and is therefore contrary to law.

The more recent case of *Guthrie* v. *State* (1970), 254 Ind. 356, 260 N. E. 2d 579, spoke on the chain of custody rule and on the *Graham* case in the following way:

"The question was simplified in the *Graham* case because there was a clear break in the chain for a six day period. However, where as here, the State has introduced evidence which strongly suggests the exact whereabouts of the evidence, the issue became one of probabilities.

Appellee has cited several cases the holdings of which indicate that all possibility of tampering need not be excluded; upon reasonable assurance that the exhibit has passed through the various hands in an undisturbed condition its admission is proper and any remaining doubts go to its weight only." 260 N. E. 2d at 584.

The facts surrounding the whereabouts of the exhibits in question, as put forth by the appellant in his brief reveal that on September 17, 1970, Officer Van Meter took a bag of substance believed to be marijuana from the purse of Betty Gunter. No identification mark was placed on the bag. The bag was passed from Officer Van Meter to Officer Jackson, who took the bag to Gibson General Hospital and passed it on to Officer Bennett who placed it in his locker at the Princeton Police Department where it remained until October 22,

1970, at which time it was placed in a match box and wrapped in paper and sent to the Indiana State Police Laboratory. It was received in Indianapolis and entered into a log book on October 23, 1970. The bag and its contents were analyzed at an unknown time thereafter and placed in the property room until the time of the trial. Other persons had access to the property during the time it was at the laboratory and the property room. There is an explanation of presence of the exhibit for each day in question. The only real question here is whether due to the lack of markings and the accessability of the bag to others while in the laboratory and the property room the chain of custody could have been broken to the extent to render proper identification of the bag impossible. We feel it has not. Based on the appellant's statement of whereabouts, we feel that the location of the bag during the days in question has been sufficiently accounted for. A mere possibility that the evidence could have been tampered with will not make it totally objectionable. Therefore the verdict will not be reversed on the basis of the admissibility of these exhibits.

The next issue raised by appellant alleges that the court erred in finding that the defendant voluntarily gave a confession to police officers after he was apprised of the charges for which he was arrested. The appellant filed, pursuant to IC 1971, 35-5-5-1, *Ind. Ann. Stat.* § 9-1634, a motion to determine the voluntariness of a purported confession given by appellant relative to his activities on the night in question. *Ind. Ann. Stat.* § 9-1635, reads in pertinent part as follows:

"The trial judge in determining the issues of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including but not limited to . . . (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession . . ."

Appellant argues that there is absolutely no evidence presented at the hearing on the admissibility of the confession

that the appellant knew the nature of the offense at the time he made his confession. It is revealed in the record that at the time of arrest appellant was told he was being arrested for attempted murder, but was subsequently charged with a lesser crime. Appellant therefore claims that he was, by definition, intimidated when he was falsely accused of a crime which he did not commit for purposes of obtaining a confession on a lesser charge. To argue that a confession is "by definition" involuntary because a suspect was originally accused of being guilty of a more serious offense is not to be supported. The voluntariness of a confession is a question of fact and may not be involuntary by definition for any such reason. The trial court's evidence shows that appellant was advised of his rights and knowingly submitted the confession. He was also apprised of the crime he was being charged. The trial court found no basis from which we can conclude that appellant was deprived of any rights or coerced by the police in any way.

Appellant alleges that the court erred in refusing to permit the witness, Sue Pugh, to answer the following question propounded to her upon cross-examination; the question being as follows:

"Q 6.  When you served Brandy Johnson on September 17, 1970, did you think she was twenty-one years of age?

Objection by William J. Marshall:
　　Objection to the question as not being material or relevant at all, wouldn't have any tendency to prove or disprove any issue in this case as to what this woman might have thought. This woman is not on trial, wouldn't make any difference what she thought.

By the Court:
　　What she may think or believe is not very important evidence."

This question clearly called for an opinion of the witness which ordinarily is an improper question. Subjective opinions

of witnesses are not material and therefore the sustaining of the objection was proper.

Appellant next objects to the sustaining of an objection made by the state of a question asked on cross-examination which inquired of a police officer with whom Miss Gunter had been working in a narcotics investigation, whether he thought Miss Gunter should be exonerated and not punished for false swearing on the application for a bartender's license. The objection was to the form of the question since it called for an opinion of the witness. The witness had earlier testified that he had agreed to do all he could do to exonerate Miss Gunter and that he knew she had been violating the law. Therefore, the purpose of the appellant was achieved, i.e. attacking the credibility of the witness. The form of the question being improper, we find no error in the court sustaining the objection and no prejudice to the appellant because the court did so.

The following assignment of error alleges that the verdict to the alcoholic beverage offense was void because the jury assessed no fine or penalty. IC 1971, 35-8-2-1, *Ind. Ann. Stat.* § 9-1819 (1956 Repl.), provides as follows:

"When the defendant is found guilty the jury, except in the cases provided for, in the next three [two] sections, must state, in the verdict, the amount of fine and the punishment to be inflicted; where the plea is guilty, or the trial is by the court, the court, subject to the same exception, shall assess the amount of fine and fix the punishment to be inflicted."

The judgment of the court on the verdict of the jury stated the following:

"It is therefore, ordered, adjudged and decreed by the Court that the defendant is guilty of furnishing an alcoholic beverage to a minor, but that no punishment be assessed."

The appellant contends that the failure to fill in the punishment voids the verdict and since the two cases were consoli-

dated for trial, both verdicts should be found void, or at least he is entitled to a new trial on the narcotics charge. With this contention we do not agree. Of course, the proper action for the judge would have been to send the incomplete verdict back to the jury for their completion. However, the fact that one verdict is defective does not necessarily mean that the verdict on the other count is automatically reversible. *Hendrickson* v. *State* (1970), 253 Ind. 396, 254 N. E. 2d 331; *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N. E. 2d 728. We therefore find that the judgment on the alcoholic beverage charge should be reversed, but that the judgment on the narcotics charge was without error and should be affirmed.

Judgment on the alcoholic beverage charge is reversed; judgment on the narcotics charge is affirmed.

DeBruler, Givan, Prentice, JJ., concurs; Hunter, J., concurs in result.

NOTE.—Reported in 282 N. E. 2d 541.