262 So.2d 11 (1972)
John DOE, a/K/a Bunky Brown, a/K/a Charles Clark, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-1215.
District Court of Appeal of Florida, Third District.
May 16, 1972.
*12 Pollack, Yocom & Fath, Miami, for appellant.
Robert L. Shevin, Atty. Gen., Joel D. Rosenblatt, Asst. Atty. Gen., and David I. Gilbert, Legal Intern, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
By information the appellant was charged with unlawful sale of a narcotic drug (heroin) and unlawful possession of the drug. He was tried without a jury, found guilty and sentenced to confinement for a period of one year. The only point presented is a contention that the trial court committed reversible error by refusing to require disclosure of the identity of a confidential informant.
As applied to the facts of this case, a balancing of the interests for and against requiring disclosure of the identity of the confidential informant was clearly in favor of nondisclosure, and the trial court was correct in denying the defendant's motion to disclose.
The mere presence of the informant when the drug was sold by the defendant to a police officer would not require disclosure of his identity. Kraus v. State, Fla.App. 1971, 243 So.2d 214. This case is to be distinguished from those where a sale is made to a confidential informant, rather than to a police officer. Compare Monserrate v. State, Fla.App. 1970, 232 So.2d 444; Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639.
On the evidence in this case the participation of the informant in the transaction was minimal. He drove the officer to the location of a pool hall. He and the officer remained in the car. The defendant, who was standing with others on the sidewalk, was recognized by the officer (from a photograph). When the officer called the defendant by name he came over to the car, and after exchanging a greeting with the informant, limited to a "Hi" and a "Hello," the defendant and the officer negotiated regarding the purchase. The seller then obtained and produced the drugs, and the sale to the officer was consummated.
The appellant argues the participation of the informant was sufficient to require disclosure of his identity, citing Gilmore v. United States, 5 Cir.1958, 256 F.2d 565. Due to the factual differences in the cases we find the majority decision in Gilmore to have little persuasive force here. In Gilmore, where the participation of the informant was substantially greater, the court concluded the informant contacted the seller in advance, briefed him on the purchaser, and "set up" the sale.
*13 Here, the negotiation and sale was made in the open to a police officer within the view of another police officer who so testified. In his motion to disclose identity of the informant the defendant did not announce any defense or refer to any defense issue for which or with reference to which the informant's testimony would be relevant or material. There was no showing in the record here, as there was in Gilmore, that the informant had done anything in advance to pave the way for the sale to the purchaser or that thereby or otherwise he had set up the deal. The bare greeting, indicating some acquaintance of the defendant with the informant, could serve, at most, as basis upon which the defendant may have inferred he could safely sell to the (unknown) person accompanying his acquaintance. But the fact that the defendant was incorrect in such assumption furnished no sufficient reason to require disclosure of the identity of the informant, or to show how such would be material.
In Harrington v. State, Fla.App. 1959, 110 So.2d 495, 497-498, the court said:
"* * * It is common knowledge that without the aid of confidential informants the discovery and prevention of crime would present such a formidable task as practically to render hopeless the efforts of those charged with law enforcement. And the alarming fact that the underworld often wreaks vengeance upon informers would unquestionably deter the giving of such information if the identity of the informer should be required to be disclosed in all instances.
"What we have said is not to be construed as indicating that such disclosure is absolutely privileged. The trial court may compel the disclosure when necessary to avoid the risk of false testimony or to secure useful testimony. 3 Wigmore on Evidence, 3 Ed., Section 2374. The rule is succinctly stated in Wharton's Criminal Evidence, 12 Ed. 1955, Section 795, page 136: `The distinction is materiality. When such information is material to the issue, it cannot be withheld. But when it is immaterial the courts will not compel its disclosure.' * * *"
Applicable also to this case, the court in Harrington further stated:
"* * * We find nothing in the case on review to warrant the application of this exception to the general rule. The identity of the informant is in no manner material in determining the guilt or innocence of the defendant who produced no testimony whatever in rebuttal of the state's case."
In Treverrow v. State, Fla. 1967, 194 So.2d 250, 252, it was said:
"Clearly, since it is the State which has the privilege of non-disclosure [of the identity of an informant], the burden is upon the defendant claiming an exception to the rule to show why an exception should be invoked."
A motion for disclosure of the identity of a confidential informant, for the purpose of finding what he knows or what he can testify regarding the transaction, cannot prevail against the well founded policy for non-disclosure. If the defendant has, or proposes to present a defense for the establishment of which it can be shown or reasonably concluded that the informant's testimony will be of essential relevancy and materiality, so as to justify or require disclosure in face of the policy against it, the burden is on the defendant to make that appear, by his motion for disclosure or otherwise in the evidence. The defendant did not do so here.
The judgment is affirmed.