**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Sergio ALVAREZ, Jr., Defendant-Appellant.**

**No. 72–2226.**

United States Court of Appeals, Ninth Circuit.

Nov. 29, 1972.

Richard M. Davis (argued), Tucson, Ariz., for defendant-appellant.

W. Ronald Jennings, Asst. U. S. Atty. (argued), James E. Mueller, Asst. U. S. Atty., William C. Smitherman, U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before MERRILL and GOODWIN, Circuit Judges, and SKOPIL,* District Judge.

SKOPIL, District Judge:

Sergio Alvarez, Jr., appellant, was convicted of importing marijuana in violation of 21 U.S.C. § 952(a) and possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

The charges arose out of a border search of an automobile which appellant was driving from Nogales, Sonora, Mexico, to his home in Nogales, Arizona. A quantity of marijuana was found in a false gasoline tank in the undercarriage of the vehicle.

Appellant went to trial before a jury on both counts on May 18, 1972. He was found guilty on both counts and was sentenced to concurrent terms of two years on each count to be followed by special parole terms on each count which were to run consecutively. Appellant was also fined $1,000.00 on each of the two counts.

Appellant seeks reversal on the basis of two asserted errors:

1) That the trial court erred in withholding the identity of the informant; and

2) That the court's instructions to the admissions of the appellant were misleading and erroneous.

 The need for disclosure of the identity of an informant must be balanced against the Government's flow of information. No showing was made that the disclosure of the informant's identity would have been "relevant and helpful to the defense of the accused" or that it was "essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

 This Court has consistently held that the burden is on the defendant to show the necessity of disclosure. United States v. Zito, 451 F.2d 361, 364 (9th Cir. 1971); United States v. Kelly, 449 F.2d 329, 330 (9th Cir. 1971); United States v. Estrada, 441 F.2d 873, 879 (9th Cir. 1971); United States v. Gibbs,

* Honorable Otto R. Skopil, Jr., United States District Judge, District of Oregon, sitting by designation.

435 F.2d 621, 624 (9th Cir. 1970), cert. denied, 401 U.S. 994, 91 S.Ct. 1233, 28 L.Ed.2d 532 (1971); Gaylor v. United States, 426 F.2d 233, 234 (9th Cir. 1970); Encinas-Sierras v. United States, 401 F.2d 228, 231 (9th Cir. 1968); Lannom v. United States, 381 F.2d 858 (9th Cir. 1967), cert. denied 389 U.S. 1041, 88 S.Ct. 784, 19 L.Ed.2d 833 (1968). The district court properly denied the disclosure motion.

■ Appellant, for the first time on appeal, contends the trial court improperly instructed the jury regarding the admissions of the defendant. The court afforded counsel an opportunity to review the proposed instructions to the jury. Trial counsel approved the instructions. No objections were made, nor were any additions requested. The procedure followed by the trial court was proper and in accordance with Fed.R. Crim.P. 30. The obvious intent of the procedure followed by the court was to allow counsel to voice any objection to the giving or failure to give an instruction. Had counsel objected to the instruction at any time before the matter was submitted to the jury, the trial court could have considered the objection and this appeal and the attendant cost to the taxpayer could perhaps have been eliminated. This Court, in cases where substantial rights have not been affected, has held that it will not consider an objection to instructions not raised at the time of trial. United States v. Rebon-Delgado, 467 F.2d 11 (9th Cir., 1972); United States v. Marsh, 451 F.2d 219, 220 (9th Cir. 1971); and Benson v. United States, 402 F.2d 576, 580 (9th Cir. 1968).

■■ The instructions of the trial court must be considered in their entirety. Medved v. United States, 411 F.2d 617, 618 (9th Cir. 1969). An examination of the instructions given by the court fails to reveal any error. If error was committed, it did not affect the substantial rights of appellant. Fed.R. Crim.P. 30 is a barrier to counsel raising an objection to instructions given by the court which were not raised at the time of trial.

Affirmed.