307 So.2d 188 (1975)
Roger JACKSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1206.
District Court of Appeal of Florida, Third District.
January 28, 1975.
Maynard A. Gross, Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Stephen Nagin, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
This appeal from an adjudication of guilt for the sale and possession of heroin assigns as error the trial court's denial of defendant's motion to compel disclosure of the identity and address of a confidential informant.
The essential facts are that a confidential informant aided an undercover police officer in being put in contact with one Davis, codefendant below, who in turn put the police officer in contact with appellant, defendant below. The defendant, in the presence of the confidential informant and codefendant Davis, sold a packet of heroin to the police officer.
Defendant, on appeal, complains that the confidential informant's identity and address should have been disclosed. Defendant, himself, admits that the general rule in Florida gravitates against such disclosure, but defendant also calls our attention to exceptions to the rule.
We first note that this case is clearly distinguishable from those cases in which the informant himself had direct dealings with the defendant. See Monserrate v. State, Fla.App. 1970, 232 So.2d 444. And although it is apparent here that the confidential informant's activities in assisting the police officer in effectuating the ultimate sale of the narcotics were significant, it is also apparent that the informant's activities were not so material as to bring this case within the exceptions to the general rule. See Doe v. State, Fla.App. 1972, 262 So.2d 11 and Kraus v. State, Fla.App. 1971, 243 So.2d 214. As to the question of "materiality" of such information that is sought to be disclosed, see Harrington v. State, Fla.App. 1959, 110 So.2d 495, 497.
In passing, we feel compelled to note that even though the State did not furnish the name and address of the informant, the record strongly indicates defense counsel's awareness of the informant's identity.
Finding that no showing has been made to overcome the general rule of non-disclosure of the identity of confidential informants, we hereby affirm the trial court's denial of the defendant's motion to compel disclosure.
Affirmed.