308 So.2d 539 (1975)
The STATE of Florida, Petitioner,
v.
Mary Betty DAVIS and Leon Davis, Respondents.
No. 74-1572.
District Court of Appeal of Florida, Third District.
February 25, 1975.
Richard E. Gerstein, State's Atty., and Joseph Durant, Asst. State's Atty., for petitioner.
Robert H. Burns, Miami Beach, for respondents.
Before BARKDULL, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
A petition for writ of certiorari filed by the state presents for review an order of the circuit court of Dade County requiring the state to disclose the identity of a confidential informant, in a prosecution against the respondents for certain violations of the lottery law (§ 849.09 Fla. Stat., F.S.A.).
On consideration thereof in the light of the record, briefs and argument we hold the challenged order represented a departure from essential requirements of law and must be quashed, on authority of Harrington v. State, Fla.App. 1959, 110 So.2d 495; Hall v. State, Fla.App. 1969, 219 So.2d 757; Doe v. State, Fla.App. 1972, 262 So.2d 11; Jackson v. State, Fla.App. 1975, 307 So.2d 188 (filed January 28, 1975).
By information the defendants were charged (1) with aiding or assisting in conduct of a lottery, (2) possession of live lottery tickets and (3) possession of lottery papers and records.
A motion by defendants for the state to be ordered to supply certain particulars, and the names of witnesses to be relied upon by the state and names and addresses of witnesses whose testimony may be helpful to the defendants, included a request that the state be ordered to disclose the identity of a confidential informant, viz: "To order the state to give to the defendants the names and addresses of the informer, as he or she has played an integral *540 part in the events leading up to the arrest and has made certain overt acts which may make him/her a part of the entire arrest pattern upon which the arrest warrants and search warrants were based and that the defendants would need to take the deposition and make further discovery of said confidential informer or informers to best prepare a defense."
Other than that reference to "defense" in the motion, there was no showing in the motion or in the hearing thereon of any proposed defense incident to which the identity of the informant would be essentially relevant or material. The basis, according to the record, upon which the court granted the motion was the disclosure at the hearing that the search, and the resultant arrest and charge of the defendants, stemmed from information of one who had made a lottery purchase at the location involved.
Rule 3.220(c)(2) RCrP states: "Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused".
In view of the State's privilege of non-disclosure of the identity of a confidential informant and the well-founded policy against it, the burden is on a defendant claiming an exception to the rule to show why disclosure should be compelled. Treverrow v. State, Fla. 1967, 194 So.2d 250, 252; Doe v. State, supra. Under the law as outlined in the decisions cited herein, there was no sufficient showing made for the ordered disclosure.
The policy favoring non-disclosure by the state well outweighed such reason as the defendants presented for desiring to obtain the identity of the informant. Moreover, under the rule above quoted, if the state were to use the informant as a witness at the trial his identity should and would be disclosed, and the defendants have further protection through being entitled to receive a witness list from the state.
Certiorari is granted and the order for disclosure of the identity of the informant is quashed.