Ronald E. LEWANDOWSKI, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 579S130.

Supreme Court of Indiana.

May 17, 1979.

Max Cohen, Gary, for appellant.

Theodore L. Sendak, Atty. Gen., Robert F. Colker, Asst. Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This cause is before us upon the defendant's (appellant's) petition to transfer from the Court of Appeals, Third District, that Court having affirmed his conviction and sentence by an opinion authored by Judge Hoffman and published at 374 N.E.2d 566. We now grant transfer to correct a sentencing error.

The defendant was charged by information with two counts of delivery and one count of possession of a controlled substance, marijuana. The possession count was dismissed by the State on October 2, 1975.

A jury returned a verdict of guilty on each count of delivery of a controlled substance and imposed a penalty of five years on each count. Judgment was entered by the trial court on October 27, 1975, and the defendant was sentenced to a term of imprisonment of five years.

At the time the offense charged was alleged to have been committed, the applicable law made delivery of a Schedule I Controlled Substance punishable by imprisonment for a determinate period of time not less than five (5) nor more than twenty (20) years, Ind.Code 1971, 35–24.1–4–1.

That Act was amended by the Acts of 1974, P.L. 152, § 10, 653, et seq., was repealed by the Acts of 1975, P.L. 338, § 3, 1800 at 1805–1806, codified at Ind.Code 1971, 35–24.1–4.1–10, effective July 29, 1975.

The substance of the repeal and the amendment was to make unlawful dealing in marijuana in an amount less than 30 grams a misdemeanor punishable by a determinate term of not more than one year. The evidence in the case at bar is undisputed that the amount of marijuana delivered with respect to each count was less than 30 grams.

Under identical facts, the Court of Appeals in *Maynard v. State*, (1977) Ind. App., 367 N.E.2d 5, held that Maynard should have been sentenced under the amended statute. In so doing, it applied the logic of dicta from its earlier case of *Dowdell v. State*, Ind.App., 336 N.E.2d 699, 702 n.8. This question was not presented to the trial court as the *Maynard* case had not yet been decided. In *Dowdell v. State, supra,* Judge Staton indicated that the enactment of a ameliorative sentencing amendment was, in itself, a sufficient indication of the legislative intent that it be applied to all to whom such application would be possible and constitutional, thereby obviating application of the general savings statute, Ind.Code 1971, 1–1–5–1 (Burns Code Ed.). We are comfortable with that viewpoint, inasmuch as that statute is a general savings clause only, as opposed to those often appended to specific enactments, as in the case of the Revised Criminal Code of 1977. We are, therefore, in agreement with the holding in the *Maynard* case and hold that the defendant should have been sentenced in accordance with the decision therein.

Under *Kleinrichert v. State* (1973) 260 Ind. 537, 297 N.E.2d 822, a sentencing error may be raised at any time; and we are not advised as to why the issue was not tendered to the Court of Appeals as newly discovered reviewable error. It was presented by the petition for rehearing but was not addressed by the court—an error that we can only charge to judicial oversight.

With regard to the issues decided by the Court of Appeals, however, we approve and adopt the opinion as written by Judge Hoffman, as follows:

"Defendant-appellant Ronald E. Lewandowski was charged by information with two counts of delivery and one count of possession of a controlled substance, to-wit: marijuana. The possession count was dismissed by the State on October 2, 1975. A jury returned a verdict of guilty on each count of delivery of a controlled substance and fixed appellant's penalty at five years on each count. Judgment was entered thereon by the trial court on October 20, 1975. Following the denial of his motion to correct errors, appellant perfected this appeal presenting the following issues for our review:

"(1) Whether the trial court erred in failing to require the State to disclose the identity of the informant at trial;

"(2) Whether the State showed a proper chain of custody for admission of State's Exhibit No. 1;

"(3) Whether the evidence was sufficient to show probable cause to suspect that he was engaged in criminal activity; and

"(4) Whether the trial court erred in granting the State's motion in limine preventing appellant from mentioning that the penalty for the sale of marijuana had recently been changed.

■ "Appellant first contends that the trial court erred in failing to require the State to disclose the identity of the informant at trial. The general policy in this regard is one of nondisclosure of the informer's identity. *McCulley v. State* (1971), 257 Ind. 135, 272 N.E.2d 613; *Collett v. State* (1975), Ind.App., 338 N.E.2d 286. In *Roviaro v. United States* (1957), 353 U.S. 53, at 59, 77 S.Ct. 623, at 627, 1 L.Ed.2d 639, the United States Supreme Court said:

"'What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. *Scher v. United States*, 305 U.S. 251, 254, 59 S.Ct. 174, 176, 83 L.Ed. 151; *In re Quarles and Butler*, 158 U.S. 532, 15 S.Ct. 959, 39 L.Ed. 1080; *Vogel v. Gruaz*, 110 U.S. 311, 316, 4 S.Ct. 12, 14, 28 L.Ed. 158. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.'

"The privilege, however, is not without its limitations. Thus, the privilege yields in instances where disclosure of the informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused or is essential to the fair determination of the cause, *Roviaro v. United States, supra; McCulley v. State, supra; Collett v. State, supra; Garner v. State* (1975), Ind.App., 325 N.E.2d 511; unless the State can show a paramount interest in nondisclosure or an unwarranted risk to the life of the informant. *Collett v. State, supra; Garner v. State, supra.*

"In *Roviaro v. United States, supra*, 353 U.S. at 62, 77 S.Ct. at 628–29, the court further stated:

"'We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular

circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'

■■ "Since the State has the privilege to withhold the identity of an informer, the burden is upon the defendant seeking disclosure to demonstrate an exception to the privilege that the informer remain anonymous. *United States v. Alvarez* (9th Cir. 1973), 472 F.2d 111, *cert. denied,* 412 U.S. 921, 93 S.Ct. 2742, 37 L.Ed.2d 148; *United States v. Alvarez* (9th Cir. 1972) 469 F.2d 1065; *State v. Cortman* (1968), 251 Or. 566, 446 P.2d 681 (on rehearing); *cert. denied,* 394 U.S. 951, 89 S.Ct. 1294, 22 L.Ed.2d 487; *State v. Gill* (1975), 22 Or.App. 484, 539 P.2d 1138; *Doe v. State* (1972), Fla.App., 262 So.2d 11, citing *Treverrow v. State* (1967), Fla., 194 So.2d 250; *Gill v. State* (1971), 11 Md.App. 593, 275 A.2d 505. Both *Roviaro* and the Indiana decisions implicitly recognize this burden on behalf of the defendant. And, it is only when this initial burden is met that the balancing of the respective interests of the State in nondisclosure and the defendant in marshalling a defense come into play.

"In the case at bar, appellant made two separate requests for the identity of the informant. The first request occurred during direct examination of Officer Charles Paul Franko. Officer Franko testified that on March 2, 1975, at approximately 12:30 A.M., he and an informant went to the residence of appellant. After entering the home, Officer Franko seated himself upon a cushion in appellant's living room. There a conversation took place between Officer Franko and appellant. In addition to appellant and Franko, the informant, two women and three men were present when the conversation took place. At this point in the direct examination of the witness, appellant was permitted to voir dire the witness for the purpose of making an objection.

" '*VOIR DIRE EXAMINATION BY MR. LYONS* [FOR THE DEFENDANT]

"Q. Officer, do I correctly understand the conversation involved you and the defendant and the confidential informant?

"A. Yes sir.

"Q. What is the name of that confidential informant?

" 'MR. SUAREZ: [FOR THE STATE OF INDIANA]

'To which we're going to object Your Honor. The Law clearly states that the Officer, police enforcement agencies do not have to reveal the name of a confidential informant.

'MR. LYONS: Your Honor, I don't believe that to be a correct statement of the Law. I'm entitled to know that unless they can show a paramount interest in nondisclosure. At this point there has been no showing of paramount interest in nondisclosure.

'THE COURT: The objection [of the State] is sustained.'

"The second request for the identity of the informant occurred during the examination of the witness Patrick J. D. Soliday, a detective with the Porter County Sheriff's Department, who testified as to the circumstances underlying a second controlled purchase of marijuana from appellant. Officer Soliday testified that at approximately 1:00 A.M. on March 6, 1975, he and an informant went to appellant's residence to get a purse the informant had left previously. Appellant invited the two inside and a conversation followed in which Officer Soliday, appellant and informant were present. At this point in the witness' testimony, appellant was again permitted voir dire examination of the witness.

" '*VOIR DIRE EXAMINATION BY MR. LYONS*

'Q. Pat, do you know the name of that informant?

'A. Yes I do.

'Q. What is her name?

'MR. SUAREZ: To which we're going to object again Your Honor on the basis that police do not have to disclose the name of the informant.

'MR. LYONS: I make the same observation I did Your Honor. I believe that not to be the Law. There's been no

showing of a paramount interest in non-disclosure here.

'THE COURT: Objection is sustained. Sustain the objection to your question Mr. Lyons.'

██ "In this context, it must be concluded that the appellant failed to meet his burden of demonstrating his need for disclosure. Appellant made no showing that disclosure of the informer's identity would be 'relevant or helpful' in preparing his defense or 'essential to a fair determination' of the case. At the points in time where the identity of the informer was sought, the evidence disclosed merely that the informer was present during a conversation. However, mere presence of the informer when marijuana was sold to a police officer has been held to be insufficient to overcome the privilege of nondisclosure. *Doe v. State, supra; Kraus v. State* (1971, Fla.App.), 243 So.2d 214 (*cert. denied,* 247 So.2d 324). Moreover, in the first instance involving Officer Franko, there were five other persons present during the conversation. Nevertheless, appellant did not state whether the other persons could or would testify as to the nature of the conversation. *See, Gill v. State, supra.* The record did not enable the trial judge to assess the materiality and relevancy of the disclosure to the defense so that the trial judge could then weigh the respective interests at stake. Consequently, the trial court did not err in refusing to require disclosure of the identity of the informer.

"Appellant next contends that a break in the chain of possession of State's Exhibit No. 1, the marijuana, rendered the exhibit inadmissible at trial under the rule promulgated in *Graham v. State* (1970), 253 Ind. 525, 255 N.E.2d 652. The asserted break in the chain of custody occurred during the period from April 9, 1975, when the officer in charge of the property room Detective Lt. William Joll, Jr. received the exhibit from Officer Soliday, until April 6, 1975, when Lt. Joll locked the exhibit in a safe. After receiving the exhibit from Officer Soliday on April 9th, Lt. Joll locked it in his filing cabinet. Four other detectives and possibly a secretary had a key to the filing cabinet. In addition, the filing cabinet was not normally locked during the hours the officers were present, but it was locked when the office was left unattended. Consequently, Lt. Joll could not state whether anyone had touched or removed the exhibit during this period of time. Lt. Joll did state, however, that the package was sealed when Officer Soliday delivered it to him and it was likewise sealed when he placed it in the safe.

"Ronald Kucharik, an Analytical Toxicologist at the Northwest Indiana Criminal Toxicology Laboratory, testified that he sealed the exhibit in an envelope after conducting his tests and that the seal had not been broken at the time of trial. Officer Soliday likewise testified that the seals on the exhibit were not broken and that the exhibit was in the same condition on the day of trial as it was when he received the exhibit from the Toxicology Laboratory.

██ "In view of these facts, it must be concluded that the trial court did not err in admitting State's Exhibit No. 1 into evidence.

" 'An exhibit is admissible if the evidence regarding its chain of custody strongly suggests the exact whereabouts of the evidence at all times. The State need not exclude all possibilities of tampering, but need only provide "reasonable assurance" that the exhibit has passed through the various hands in an undisturbed condition. *Kolb v. State* (1972), 258 Ind. 469, 282 N.E.2d 541; *Guthrie v. State* (1970), 254 Ind. 356, 260 N.E.2d 579.' *Rinard v. State* (1976), Ind., 351 N.E.2d 20, at 23. *See also: Jones v. State* (1973), 260 Ind. 463, 296 N.E.2d 407 (exhibit not kept locked while in crime laboratory for a ten-day period); *Telfare v. State* (1975), Ind.App., 324 N.E.2d 270 (eight persons had access to property room where exhibits kept on unlocked shelves).

"In the case at bar, the security measures utilized while the exhibit was in the filing cabinet were sufficiently described to permit evaluation of the possibility of tamper-

ing. Further, there was evidence that the exhibit was sealed after it had been laboratory tested and that the seal remained unbroken to the day of trial. Thus, the chain of custody was sufficiently established and State's Exhibit No. 1 was properly admissible into evidence.

■ "Appellant next contends that the evidence was insufficient to show probable cause to suspect that he was engaged in criminal activity. In *Maynard v. State* (1977), Ind.App., 367 N.E.2d 5, at 7, this Court stated:

" 'Probable cause to suspect the accused in an entrapment case was formerly required in Indiana as a protection against potential overreaching by law enforcement officials. *Walker v. State* (1970), 255 Ind. 65, 262 N.E.2d 641. However, in *Hardin v. State* (1976), Ind., 358 N.E.2d 134, our Supreme Court overruled *Walker* to the extent that it required proof of probable cause to suspect in an entrapment case. This Court then applied the new rule enunciated in *Hardin* retroactively in *Davila v. State* (1977), Ind.App., 360 N.E.2d 283. The retroactive application of *Hardin* eliminates any need for further discussion of [defendant's] first allegation of error.'

Consequently, an argument based upon that former requirement is without merit.

■ "Finally, appellant contends that the trial court erred in granting the State's motion in limine preventing the appellant from mentioning that the penalty for the sale of marijuana had recently been changed.[1] Appellant did not seek applica-

[1] IC 1971, 35–24.1–4–1 (Burns Code Ed.), Acts 1973, P.L. 335, § 1, 1834, at 1856 (effective October 1, 1973), made delivery of a schedule I controlled substance punishable by imprisonment for a determinate period of time not less than five nor more than twenty years. Such provision, as amended by Acts 1974, P.L. 152, § 10, 653, at 654, was repealed by Acts 1975, P.L. 338, § 3, 1800, at 1805–1806. (Codified at IC 1971, 35–24.1–4.1–10 (Burns Code Ed.)). IC 1971, 35–24.1–4.1–10, *supra*, (effective July 29, 1975) made unlawful dealing in marijuana in an amount less than 30 grams a misdemeanor punishable by a determinate term of not more than one year. (For current law under the new Penal Code *see*, IC 1971, 35–48–4–10 (Burns Supp.1976)).

tion of the new penalty in his case but only that the jury be made aware of the change in the law. Appellant contends that such change was a mitigating circumstance which the jury was entitled to consider in fixing the punishment. Assuming arguendo that the trial court erred in granting the motion, appellant has not demonstrated in what manner he was harmed. Appellant sought to introduce evidence of the new penalty provision as a mitigating factor in fixing the punishment under the law in effect at the time the offense was committed. However, the penalty set by the jury for each of the two counts was five years, the minimum sentence permitted under the old law. Consequently, any error which might have occurred could not have been prejudicial to appellant."

We find no reversible error. The cause is remanded to the trial court with instructions to correct the sentence in accordance with this opinion; and in all other respects the judgment of the trial court is affirmed.

GIVAN, C. J. and HUNTER, J., concur.

DeBRULER, J., dissents with opinion.

PIVARNIK, J., not participating.

DeBRULER, Justice, dissenting.

It is doctrinal that when the accused shows that the prosecution's unidentified paid informant was an eyewitness to or participant in the *actus reus* constituting the crime charged or a defense thereto, the accused has satisfied his initial burden in the process of seeking disclosure of such informant's identity of showing that such identity would be relevant and helpful in preparing his defense. *Roviaro v. United States*, (1957) 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; *Glover v. State*, (1969) 253 Ind. 121, 251 N.E.2d 814; *McCulley v. State*, (1971) 257 Ind. 135, 272 N.E.2d 613; *Suarez v. United States*, (5th Cir. 1978) 582 F.2d 1007; *Lopez-Hernandez v. United States*, (9th Cir. 1968) 394 F.2d 820; *Gilmore v. United States*, (5th Cir. 1958) 256 F.2d 565. Here the informant accompanied the undercover officers to appellant's residence and entered with them. She was present when

the sale to the undercover officers was made. Under these facts the request of the accused for the prosecution to identity this informant placed a duty upon the prosecution to justify non-disclosure. Upon hearing such justification the court should have applied the *Rovario* balancing test, and thereby determined whether disclosure should be made by the prosecution. Since the trial court did not apply that test at all, the case should be reversed and remanded for a new trial.