JAMES S. REIFF *v.* STATE OF INDIANA.

[No. 1069S222. Filed March 8, 1971.]

*George P. Roberts,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *David S. Wedding,* Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was tried and convicted by a jury on two counts of the crime of sale of dangerous drugs. He was sentenced to the Indiana State Prison for not less than one nor more than ten years on each count.

The record in the case discloses the following facts:

The appellant is a doctor of osteopathy. The main prosecuting witness in this case was an eighteen year old high school student, who testified that on numerous occasions he had gone to the appellant's office and purchased various pills, which the evidence disclosed contained dangerous drugs as defined by the statute. The witness testified that he first purchased pills from the appellant as early as September, 1967. On his first purchase he obtained two boxes, each of which contained from 20 to 40 green and white pills. A few days later he returned to appellant's office and purchased additional pills. He testified that from October, 1967, to February, 1968, he visited appellant's office on four or five occasions and each time obtained pills. In October of 1967, he purchased over 300 pills at one time from the appellant. Sometimes the appellant wrote instructions on the boxes to take one every day at 10:00 A.M. The witness stated that the appellant told him he did that so the witness would not get in trouble if he got picked up. The witness obtained about 300 pills a month from the appellant, and at one time together with another witness the witness gave the appellant marijuana in exchange for pills. In February of 1968, the appellant gave the witness pills but told him it would be the last time for a while because "the heat was on". However, the witness did receive numerous am-

phetamine pills from the appellant between March, 1968, and May 16, 1968.

In May, 1968, the witness working with police officers purchased 1,000 pills from the appellant for $60. The appellant poured the pills from a bottle into a small gym bag which the witness was carrying. An analysis of these pills showed them to contain amphetamines and barbiturates as well as other dangerous drugs.

A 21 year old college student also testified on behalf of the state and verified much of the testimony given by the high school student, including the giving of marijuana to the appellant in exchange for drugs and the purchase of dangerous drugs from the appellant under assumed names.

Appellant first claims error in the overruling of his motion for a psychiatric examination of the eighteen year old high school student, who was the main prosecuting witness. Appellant cites as authority for his position the case of *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N. E. 2d 873, 20 Ind. Dec. 164. Although this Court did in *Antrobus* hold that it was reversible error for the trial court to refuse to grant psychiatric examination of the prosecuting witness, the factual situation in that case differed greatly from the facts in the case at bar. In *Antrobus* the witness for whom the psychiatric examination was requested was an accomplice in the crime charged. He was the only witness at the trial whose testimony connected the appellants to the crime. In the case at bar the witness for whom the examination was requested was the state's principal witness, but was by no means the only witness who testified against the appellant. The college student verified many of the things the high school student testified to and Police Lieutenant Edward L. Burke testified to facts which directly connected the appellant with the sale of drugs to the high school student. In fact, the appellant himself testified that he sold pills to both the high school and the college student under false names, but attempted to justify the sale on the ground that he was treating both witnesses as patients. In *Antrobus* the witness had a history of mental disturbances,

including hospitalization in a psychiatric ward. There was no such evidence regarding the witness in the case at bar. In *Antrobus* the witness was being used as a prosecuting witness in 19 pending cases, had attempted suicide, had attacked a police officer with a knife and was alleged to be a psychopathic liar. None of these factual situations are alleged to have existed with regard to the witness in the case at bar. It should be pointed out that this Court in *Antrobus* stated: "Due to the nature of the objection to the witness' competency in this case, an examination . . . would necessarily include an examination of the witness by a psychiatrist." (254 N. E. 2d at p. 881.)

By making the above statement in *Antrobus* this Court did not mean to imply that every time a defendant requests a psychiatric examination of a witness the request must automatically be granted. The decision rests within the sound discretion of the trial court. In *Antrobus* the court did not conduct a hearing on the request of the appellant, whereas in the case at bar the court conducted a full hearing as to whether or not a psychiatrist should be appointed to examine the witness. It was after this hearing that the court determined the psychiatric examination was unnecessary. In *Antrobus* there was an abuse of judicial discretion in failing to grant the examination in the face of such overwhelming evidence, whereas in the case at bar the only evidence of abnormality of the witness was his addiction to drugs. The testimony of the witness contained in this record indicates that although he readily admitted his addiction to drugs and described their effect upon him, he demonstrated intelligence and recall from which the court was justified in determining that the witness was well within the competency required of a person presented as a witness in a criminal case. We, therefore, hold that the trial court did not err in overruling the appellant's motion for a psychiatric examination of the witness.

The appellant next alleges the trial court erred in failing to allow the prosecuting witness to answer questions concern-

ing the fact that he was on probation at the time of his testimony, and that he had been in police custody prior to his cooperation with the police department in obtaining evidence against the appellant. Appellant assigns as error the overruling of his offer to prove on cross-examination of the witness that if permitted to answer the witness would testify that he was in fact on probation, and that he had been arrested and placed in custody prior to his cooperation with the police officers. This Court has previously held that an offer to prove was not proper on cross-examination. *Walker* v. *State* (1970), 255 Ind. 65, 262 N. E. 2d 641, 23 Ind. Dec. 104. However, we would point out that the witness did testify that he had been in police custody and that he was on probation.

The jury was therefore fully apprized of this factual situation in the course of the trial. We, therefore, see no issue before us on this question.

Appellant next claims the trial court erred in failing to direct a verdict in his favor at the close of all the evidence on the ground police had obtained evidence against the appellant by entrapment. In support of this contention the appellant cites *Gray* v. *State* (1967), 249 Ind. 629, 231 N. E. 2d 793, 12 Ind. Dec. 218. In the *Gray* case there was no evidence that the officers had any knowledge of prior misconduct of the appellant or that they had reasonable cause to believe that he was trafficking in drugs. The Court thus held that the evidence showed a plan devised by law enforcement officers which originated with the law enforcement officers. Therefore, there was an entrapment. However, it was pointed out in *Gray* that this does not mean that there is a prohibition against police officers catching persons engaged in illegal activities. The Court went on to point out that if the accused person already has the idea of committing a crime and the law enforcement officers merely reveal it, such activity on their part is not entrapment, citing *Sherman* v. *U. S.* (1958), 356 U. S. 369, 78 S. Ct. 819, 2 L. Ed. 2d 848. This proposition of law was recently reiterated in *Walker* v. *State*,

*supra.* We, therefore, hold the trial court did not commit error in refusing to direct a verdict on the ground of entrapment.

The trial court is, therefore, affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 184.