ROBERT D. MCNEELY v. STATE OF INDIANA.

[No. 1-276A14. Filed June 22, 1976.]

*Anthony Champa,* of Shelbyville, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney General, for appellee.

## STATEMENT OF THE CASE:

LOWDERMILK, J.—Defendant-appellant Robert D. McNeely (McNeely) and Thomas W. Bartlett were charged by information with second degree burglary[1] and automobile banditry[2] for having burglarized the Coca Cola plant in Shelbyville. The cause was submitted to a jury for trial on July 25, 1975. On that morning Bartlett entered a plea of guilty to the charges against him and apparently agreed to turn State's evidence. The cause was continued as to McNeely and the jury returned its verdict of guilty on each of the two counts.

We reverse.

## FACTS:

The relevant facts of this case are as follows:

McNeely and Thomas W. Bartlett were observed by Officer Thurston of the Shelbyville Police running across the street from the Shelbyville Coca Cola plant to a parked car on the lot of the Standard Grocery Company. McNeely entered the right front seat of the parked car and Bartlett apparently tried to open the front door to the grocery. Officer Thurston arrested the two men and patted McNeely down for weapons, which resulted in his finding a key to a Coca Cola vending machine on the person of McNeely, which he claimed he had found back of the Coca Cola plant. Thurston also found two other keys and a pen which he returned to McNeely, but kept the Coca Cola key.

McNeely was placed in the car and Thurston talked with Bartlett in private and Bartlett admitted the two had just burglarized the Coca Cola plant. The co-defendants were brought to trial on July 25, 1975, before a jury. On the morning of that day Bartlett entered a plea of guilty to each count and apparently agreed to turn State's evidence. On the morn-

---

1. IC 1971, 35-13-4-4(b) (Burns Code Ed.)
2. IC 1971, 35-12-2-1 (Burns Code Ed.)

ing of July 28, 1975, McNeely filed his petition alleging Bartlett's mental incompetence to appear as a witness, which petition was dismissed by the court without a full hearing thereon and without comment by the prosecution.

The trial continued and co-defendant Bartlett testified, admitting the crimes charged and implicating McNeely.

On August 15, 1975, following a pre-sentence report McNeely was sentenced to not less than two nor more than five years for the offense of second degree burglary and to not less than one nor more than five years for the offense of automobile banditry.

## ISSUES:

1. Whether the trial court erred in denying McNeely's motion to suppress certain evidence on the grounds that it was obtained by illegal search and seizure.

2. Whether the trial court committed reversible error by permitting the testimony of McNeely's accomplice, namely, Thomas W. Bartlett, who McNeely claimed had had mental distress in the past and should be examined by a psychiatrist.

## DISCUSSION AND DECISION:

McNeely contends the trial court committed reversible error when the court summarily denied his petition alleging incompetence of his co-defendant, Bartlett, to appear as a witness.

McNeely and Bartlett after being charged had bond set in the amount of $20,000 each and on April 23, 1975, the court reduced Bartlett's bond to $3,000 or $325 cash and he was advised by the court "to commit himself to a psychiatric hospital and the report of the psychiatric hospital be submitted to his counsel and the court."

After McNeely's filing the petition alleging Bartlett's mental incompetence to appear as a witness the court was specifically asked to take judicial notice of its own record showing

that Bartlett was emotionally and mentally disturbed and to especially take notice of the court's docket entry requesting Bartlett be examined by a psychiatrist.

The prosecution took no position on the petition and neither did it object thereto. The court stated *that he had concluded Bartlett was oriented as to time and place, found him oriented, and denied the petition alleging mental incompetence of Bartlett as a witness.* The court then permitted Bartlett to testify as an accomplice without further hearing as to his mental competence to testify.

On cross examination Bartlett testified that when he was released on a reduced bond he was instructed to take psychiatric treatments and to be examined by a psychiatrist; that he thought he was examined by someone whose name he did not recall; no report was given him or the court; that the court did not appoint a psychiatrist to examine him; that he had been in a mental institution about a year previously for seven days and that his mother told him he had a mental disorder.

IC 1971, 34-1-14-5 (Burns Code Ed.) provides in pertinent part the following:

"The following persons shall not be competent witnesses:
First.  Persons insane at the time they are offered as witnesses, whether they have been so adjudged or not.
* * * "

McNeely correctly contends that when his petition was filed the trial court should have at that point scheduled a hearing to ascertain whether Bartlett was a competent witness.

Our Supreme Court, in passing on the issue of appointing a psychiatrist for a witness where there is evidence that the witness may be mentally incompetent, said in *Antrobus* v. *State* (1970), 253 Ind. 420, 435, 436, 254 N.E.2d 873, 881,

"When the witness' competency was challenged under the statute it became the duty of the trial court to determine whether the witness was competent to testify. As this Court in *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N.E.2d 649:

'In this case if timely objection to the competency of the prosecuting witness had been made, it would have been the duty of the court to make such an examination as would satisfy it as to her competency or incompetency. 58 Am. Jur. *Witnesses* § 134.' 237 Ind. at 223.

"See also *Grecco* v. *State* (1960), 240 Ind. 584, 167 N.E. 2d 714; *Carpenter* v. *Dame* (1858), 10 Ind. 125.

"Due to the nature of the objection to the witness' competency in this case, an examination which would satisfy the trial court as to his competency would necessarily include an examination of the witness by a psychiatrist. Without such an examination the trial court would have no sound basis for an informed determination as to the witness' alleged incompetency to be a witness due to insanity.

"We, therefore, hold that it was error for the trial court to deny appellants' petition for a mental examination of the witness in the absence of a showing by appellee of a paramount interest in denying the petition. Of course the trial court has the inherent power to issue a protective order to prevent a defendant from merely delaying the proceedings or harassing the witness."

We do not hold that a psychiatric examination of a witness must be automatically granted upon request. The decision to grant a psychiatric examination rests within the sound discretion of the trial court.

Our Supreme Court, in *Reiff* v. *State* (1971), 256 Ind. 105, 108, 267 N.E.2d 184, 185, in discussing *Antrobus,* said:

"By making the above statement in *Antrobus* this Court did not mean to imply that every time a defendant requests a psychiatric examination of a witness the request must automatically be granted. The decision rests within the sound discretion of the trial court. In *Antrobus* the court did not conduct a hearing on the request of the appellant, whereas in the case at bar the court conducted a full hearing as to whether or not a psychiatrist should be appointed to examine the witness. It was after this hearing that the court determined the psychiatric examination was unnecessary. In *Antrobus* there was an abuse of judicial discretion in failing to grant the examination in the face of such overwhelming evidence, whereas in the case at bar the only evidence of abnormality of the witness was his addiction to drugs. The testimony of the witness contained in this record indicates that although he readily admitted his

addiction to drugs and described their effect upon him, he demonstrated intelligence and recall from which the court was justified in determining that the witness was well within the competency required of a person presented as a witness in a criminal case. We, therefore, hold that the trial court did not err in overruling the appellant's motion for a psychiatric examination of the witness."

A careful review and close examination of *Antrobus* and *Reiff* leads us to believe that there was sufficient evidence presented to the trial court that definitely placed the court in a position to know that Bartlett had had psychiatric examination in a mental institution, that his mother had told him he had a mental problem and the court, upon releasing him after reducing his bond instructed him to take psychiatric treatments and be examined by a psychiatrist and to report to his attorney or the court, in compliance with the rule set out in *Antrobus*.

The rule set out in *Reiff* is readily distinguishable from the facts in the case before us and we are of the opinion that there was an abuse of discretion by the trial court and that although there would have been a delay in the trial the court should have conducted a full hearing to determine the competency of witness Bartlett.

When the competency of a witness to testify is challenged by timely objection it is the duty of the trial court to schedule a hearing in order to make a proper determination upon all the facts and evidence as to whether the witness is or is not competent to testify. If the evidence adduced at the hearing so warrants, then the trial court should order the witness examined by a qualified doctor or psychiatrist for additional evidence relating to the witness' competency absent a showing by the non-moving party of a paramount interest in denying the petition.

Inasmuch as it has been necessary to reverse this cause we are not required to write on other issues and under the press of the work load of this court we shall refrain from writing on the first issue. *McGinnis* v. *Public Service Com-*

*pany of Indiana, Inc.* (1974), 161 Ind. App. 1, 313 N.E.2d 708; *Selner* v. *Fromm* (1969), 145 Ind. App. 378, 251 N.E. 2d 127.

Judgment reversed and remanded with instructions to grant McNeely's motion for a new trial.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 349 N.E.2d 204.