DONNA CHADWICK *v.* STATE OF INDIANA.

[No. 776S228. Filed May 12, 1977.]

*Grant W. Hawkins, Samper, Samper, Thoms & Hawkins,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, Donna Chadwick, was convicted on September 22, 1975, of the second degree murder of her twenty-one month old daughter, Kandy. Sentenced to imprisonment for a period of not less than fifteen nor more than twenty-five years, the Appellant filed her motion to correct errors on December 4, 1975. This motion was denied on December 8, 1975. An amended motion to correct errors was filed on April 30, 1976, pursuant to a petition to file a belated motion to correct errors granted by the trial court, and was denied the same day.

## I.

The Appellant raises two issues in this appeal. The first is whether the trial court erred in permitting the State's chief witness, Frank Wright, Jr., to testify without first ordering a psychiatric examination of him. Wright had been charged as a co-defendant of the Appellant with the death of the decedent. Tried separately, Wright had entered a plea of not guilty by reason of insanity. When he was included on the prosecution's list of witnesses in this case, counsel for the Appellant promptly challenged his competence to testify.

Ind. Code § 34-1-14-5 (Burns 1973) provides, in part, that persons "insane at the time they are offered as witnesses,

whether they have been so adjudged or not," shall not be competent witnesses. When a witness' competency is challenged under this statute, it is the duty of the trial court to determine whether the witness is competent. An examination sufficient to satisfy the trial court as to competency may necessitate examination of the witness by a psychiatrist. *Antrobus* v. *State,* (1970) 253 Ind. 420, 254 N.E.2d 873.

In *Reiff* v. *State,* (1971) 256 Ind. 105, 267 N.E.2d 184, this Court made clear that *Antrobus* was not meant to imply that every request for psychiatric examination of a witness must be granted:

"By making the above statement in *Antrobus* this Court did not mean to imply that every time a defendant requests a psychiatric examination of a witness the request must automatically be granted. The decision rests within the sound discretion of the trial court. In *Antrobus* the court did not conduct a hearing on the request of the appellant, whereas in the case at bar the court conducted a full hearing as to whether or not a psychiatrist should be appointed to examine the witness. It was after this hearing that the court determined the psychiatric examination was unnecessary. In *Antrobus* there was an abuse of judicial discretion in failing to grant the examination in the face of such overwhelming evidence, whereas in the case at bar the only evidence of abnormality of the witness was his addiction to drugs. The testimony of the witness contained in this record indicates that although he readily admitted his addiction to drugs and described their effect upon him, he demonstrated intelligence and recall from which the court was justified in determining that the witness was well within the competency required of a person presented as a witness in a criminal case. We, therefore, hold that the trial court did not err in overruling the appellant's motion for a psychiatric examination of the witness." 256 Ind. at 108, 267 N.E.2d at 185. *See also McNeely* v. *State,* (1976) Ind. App., 349 N.E.2d 204.

We do not think that the trial court abused its discretion in this case. Before the witness in question was permitted to testify, the trial court held a competency hearing. Both the witness and his attorney testified. That testimony revealed that, pursuant to the entry of the insanity plea, two court-

appointed psychiatrists examined the witness. The reports of those physicians indicated that the witness had not been legally insane at the time of the crime and was competent to stand trial. The plea of not guilty by reason of insanity was withdrawn after the filing of these reports. Since this plea was the only evidence offered by the Appellant concerning the witness' competence, we can find no error in the trial court's permitting the witness to testify without further psychiatric examination.

## II.

The second issue raised in this appeal is whether the evidence was sufficient to support the jury's verdict. Specifically it is asserted that "there is absolutely no evidence that your appellant inflicted the injuries which the medical examiner found to be potentially fatal."

In considering the sufficiency of the evidence, this Court will look to the evidence most favorable to the State and the reasonable inferences to be drawn from that evidence. *Blackburn* v. *State*, (1973) 260 Ind. 5, 291 N.E.2d 686. That evidence in this case consists primarily of the testimony of Frank Wright, Jr. Wright was living with the Appellant and her daughter on the day of the crime, July 20, 1974. Wright admitted that he had struck the infant with a stick on July 19 and the morning of July 20, but asserted that when he did so on the latter date she already had bruises on her back and stomach. He stated further that on the 19th he saw the Appellant strike her daughter in the belly, on the back, and on the head.

According to Wright, he had watched the girl in their living room later on July 20, She was playing with her toys and watching television when Wright dozed on a couch. He awakened to find the Appellant standing between the couch and a recliner, where her daughter was sitting. The girl appeared dazed. The Appellant was holding a shoe in her hand. As time passed, the girl's head became swollen. She

remained dazed, quiet, and vomited later that afternoon. The Appellant refused to take the child to a doctor.

Expert medical testimony established the cause of death to be head injuries. Death probably came within a few hours of the fatal blows. The fracture resulting in the child's death was probably caused by a blow with a hand, fist, knee, or something of that sort. The stick which Wright had used on the child could not, according to this testimony, have delivered the fatal blows. The testimony further established that the heel of a shoe could have.

The Appellant told police and testified at trial that Wright had killed the infant, that she had never struck her child, and that Wright had prevented her from seeking medical assistance. The jury, however, was not bound to believe this version of the killing. *Whitten* v. *State,* (1975) 263 Ind. 407, 333 N.E.2d 86. In addition to Wright, conflicting testimony was presented in the person of Margaret Johnson, Wright's mother, who testified that she had seen the Appellant strike the child a number of times in the year preceding the commission of the crime charged.

This Court cannot weigh evidence or judge the credibility of witnesses. A verdict will not be disturbed if there is sufficient evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Young* v. *State,* (1975) 264 Ind. 14, 332 N.E.2d 103; *Blackburn* v. *State, supra.* A conviction can be sustained on the uncorroborated testimony of one witness. *Franks* v. *State,* (1975) 262 Ind. 649, 323 N.E.2d 221; *Jaudon* v. *State,* (1970) 255 Ind. 114, 262 N.E.2d 851. The evidence in this case, while conflicting, was sufficient to support the jury's verdict.

The judgment of the trial court is affirmed.

All Justices concur.

NOTE.—Reported at 362 N.E.2d 483.