CELSO MENDEZ *v.* STATE OF INDIANA.

[No. 1076S367. Filed December 7, 1977.]

*Robert S. Bechert,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert L. Clegg, III,* Deputy Attorney General, for appellee.

HUNTER, J.—Celso Mendez, the defendant, was charged with violation of the Indiana Uniform Controlled Substances Act, to-wit: delivery of heroin. After a trial by jury he was convicted and sentenced to 20 years' imprisonment and a fine of $2,000. He now appeals this conviction raising the following issues:

1. Whether the trial court abused its discretion in denying defendant's motion for change of venue from the county; and

2. Whether the trial court committed error by admitting certain exhibits into evidence over an objection about the insufficiency of the chain of custody.

The facts and evidence submitted at trial can be summarized as follows. A confidential informant, John Caley, working in cooperation with Fort Wayne police officers, took part in a transaction with the defendant on August 31, 1975, wherein the defendant sold the informant 2.06 grams of a powder which was later identified as heroin and admitted as evidence.

## I.

The defendant first contends that the trial court erred in overruling his motion for a change of venue from the county. He alleged as the basis for this motion that pretrial publicity in local newspapers and news broadcasts would prevent him from having a fair trial in Allen County.

The defendant has not presented this court with a record sufficient to permit review of all the news media. It is the duty of the defendant to make a proper record. *Pulliam* v. *State*, (1976) 264 Ind. 381, 345 N.E.2d 229; *Buchanan* v. *State*, (1975) 263 Ind. 360, 332 N.E.2d 213.

There is no transcript of the hearing on the motion included in the record. Furthermore, there is no record of the voir dire of the jurors to determine if any prejudice was evident with members of the jury. All that the defendant has preserved are two newspaper clippings from the local newspapers of September 9 and 10, 1975.

This Court cannot consider matters outside the record. An error alleged but not disclosed by the record is not a proper subject for review. *Scruggs* v. *State*, (1974) 161 Ind. App. 672, 317 N.E.2d 800; *Cooper* v. *State*, (1972) 259 Ind. 107, 284 N.E.2d 799. We are accord-

ingly restricted to the defendant's presentation of two newspaper clippings.

A trial court's denial of a motion for change of venue in a case such as this is reviewed only for abuse of trial court discretion. Ind. R. Crim. P. 12; Ind. Code § 35-1-25-4 (Burns 1975) ; *McFarland* v. *State,* (1975) 263. Ind. 657, 336 N.E.2d 824.

This Court has further held that the trial court has the duty to balance the rights of the news media, the defendant, and the citizens as it determines the right to change of venue. *Brown* v. *State,* (1969) 252 Ind. 161, 247 N.E.2d 76. The newspaper clippings do mention the defendant as a "clear danger to the welfare of the community," but this was only one factor for the trial court to consider. The two clippings alone do not demonstrate such clear and convincing prejudice that this Court could hold there was abuse of discretion by the trial court.

Defendant also contends that when the application for change of venue from the county is uncontroverted by the state, and the state does not file counter affidavits, "a prima facie basis for the granting of the application" is established and cites *Brown, supra,* as upholding this contention. However, the complete citation from *Brown* does not uphold defendant's position.

> "We have also held that such an application, uncontroverted by the state, *only* establishes a *prima facie* basis for the granting of the application, and that such application should not be *arbitrarily* denied without affording the defendant an opportunity to bolster the credibility of such with supporting testimony. *Brown* v. *State,* (1969) 252 Ind. 161, 173; 247 N.E.2d 76, 83.

In the present case a hearing was held. In such hearing the trial court had the right to weigh the content of the exhibits and determine their effect on the public attitude toward the defendant.

We therefore hold that the trial court did not exceed its discretion in the denial of defendant's application for a change of venue from Allen County.

## II.

The defendant's second allegation of error concerns the admission into evidence of the state's exhibits 1, 2, and 3 over defendant's objection that an insufficient chain of custody for these items had been established.

The facts concerning these items are generally as follows. A thorough search was made of the informant, John Caley, and his vehicle before the meeting with the defendant. At this time, the police gave Caley a knife and $100 in cash. Police officers had him under observation at all times, although the actual transaction took place inside a car. After the meeting had taken place, the informant turned over the suspected narcotic to the police along with the knife, which was wrapped in a yellow sheet of paper for identification purposes, and $25 in cash. The heroin is state's exhibit number 1, the yellow paper and the knife are state's exhibits numbers 2 and 3.

At the trial, Officer Berning testified that the informant turned over to him a plastic bag containing the suspected heroin, the knife, and $25 in cash. Berning marked and tagged this evidence and placed it into the locked security box at police headquarters. Only one other police officer had access to the locked box. This was Sergeant Lazoff, who later took the evidence to the police chemist, received it back from the chemist the next day, and retained the evidence in his custody until it was delivered to the court for trial.

When the heroin was admitted into evidence at the trial, Officer Berning had testified to his participation in these events. Neither the police chemist nor the property security officer, Sergeant Lazoff, had yet testified.

Defendant contends that because the testimony as to the chain of custody was not complete when the evidence was

admitted, there was prejudicial error. There is no merit to this contention. Officer Berning, the principal officer involved in the transaction, had testified. He was the only one who handled the evidence from the time it left the hands of the receiver until it was placed in the locked police security box. There was no inference that there was any irregularity with the methods used by the Fort Wayne police to keep strict control over narcotics in their locked security box.

The purpose of establishing a chain of custody concerning seized evidence is to show a complete chain of possession from the original receiver to the final custodian and thus lay a proper foundation connecting the evidence in question with the accused. *Jones* v. *State*, (1973) 260 Ind. 463, 296 N.E.2d 407; *Graham* v. *State*, (1970) 253 Ind. 525, 255 N.E.2d 652.

But while a complete chain of custody must be established, the state is not required to exclude every remote possibility of tampering. *Kolb* v. *State*, (1972) 258 Ind. 469, 282 N.E.2d 541. Where the state has introduced evidence which strongly suggests the whereabouts of an exhibit at all times, such evidence will often be considered as sufficient for chain of custody purposes. *Guthrie* v. *State*, (1970) 254 Ind. 356, 260 N.E.2d 579; *Butler* v. *State*, (1972) 154 Ind. App. 361, 289 N.E.2d 772.

In the instant case, all but the most remote possibilities of tampering had been excluded by Officer Berning's testimony. Later the police chemist testified to his handling of the evidence and the police property security officer's testimony was stipulated to by the defense. On the basis of *Kolb* and *Guthrie*, since the state had introduced evidence which strongly suggested the whereabouts of the heroin at all times before it was admitted into evidence, there was no error.

Defendant also contends there was not a sufficient chain of custody established that would connect him to the heroin. There is no merit to this second contention. The police had

carefully searched the informant and his vehicle before the meeting with the defendant. The police had the informant under observation at all times before, during, and after his meeting with defendant.

In *Jones, supra,* this Court has held:

"We are not concerned with absolute certainty but with probabilities. The mere possibility that the evidence might have been tampered with will not make the evidence totally objectionable."

*Jones* v. *State,* (1973) 260 Ind. 463, 467, 296 N.E.2d 407, 409. On the basis of *Jones* and *Guthrie, supra,* there was a sufficient chain of custody established to allow the heroin to be admitted.

For all the foregoing reasons there was no trial error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 370 N.E.2d 323.