MARVIN HUTCHERSON *v.* STATE OF INDIANA.

[No. 777S532. Filed October 4, 1978. Rehearing denied December 1, 1978.]

*David F. McNamar, Michael R. Franceschini, Steers, Sullivan, McNamar & Rogers,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Dennis K. McKinney,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Marvin Hutcherson, was charged with five counts of the unlawful delivery of heroin, Ind. Code § 35-24.1-4.1-1 (Burns 1975), and was convicted by a jury on four counts. He was sentenced to five years' imprisonment on Counts II, III, and IV each, and to twenty-two years' imprisonment on Count V. This direct appeal raises the following issues:

1. Whether there was sufficient evidence to support the jury verdicts and overcome the defense of entrapment;

2. Whether the doctrine of collateral estoppel applies as to Counts II, III, and IV since the jury reached a verdict of not guilty on Count I;

3. Whether the court committed reversible error in admitting certain exhibits into evidence;

4. Whether the court committed reversible error by orally giving the prospective jurors a definition of reasonable doubt during voir dire; and

5. Whether the court committed reversible error in sentencing defendant on both Counts IV and V and in allowing the sentences to run consecutively to a prior eight year term.

The record reveals the following facts favorable to the state. An informant, James Buford, working with a police narcotics agent, Roy Waddell, made four purchases of heroin from the defendant in August and September, 1976. The first purchase was set up when Buford and Waddell went to Marvin's Record Shop and Buford asked defendant if he could buy some heroin. Although defendant at first responded that he was not selling drugs, he soon changed that position and told Buford to meet him in fifteen minutes at a certain street corner. Buford and Waddell drove to this location

and defendant drove up behind them. Buford went to the defendant and gave him the money for the heroin. Defendant told Buford he could pick up the heroin in a white envelope beside the curb about fifteen feet behind them. Buford did as directed and gave the envelope to Officer Waddell who performed a field test and received a positive reaction for the presence of an opiate. A police chemist later determined that the envelope did contain heroin.

Buford and Officer Waddell made three more trips to the record shop on three different days. Each time Buford was given directions as to where to meet defendant to get the heroin. One time Buford was given the bag containing the heroin by a young woman who was sitting in defendant's car. The other two times defendant, himself, handed over the bag of heroin. On one of these occasions Buford was wired with an electronic device, and Officer Waddell was able to hear the deal being completed. On two of the occasions Officer Waddell was actually present during the transactions.

At the time of the third deal, the defendant said he had a considerably larger amount of heroin than Buford had asked for. Buford discussed this with Officer Waddell and was given more money to purchase the larger amount. Following each of these transactions the bag which Buford received from the defendant was taken to the police laboratories. The contents in each case were determined to be heroin. Officer Waddell took the usual precautions each time of searching Buford carefully both before and after the buy. Defendant was charged with four counts of unlawful delivery of a controlled substance based on these four transactions. The information was later amended by adding Count V, which charged defendant with unlawful delivery of heroin when he had a prior conviction under that law.

I.

The defendant first contends there was insufficient evidence to overcome the defense of entrapment on the theory that

the state failed to prove that he had sufficient propensity to commit the alleged crime absent governmental involvement.

We first take notice that in determining whether the conviction was supported by sufficient evidence, this Court neither weighs the evidence nor resolves questions of witness credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value to support the jury's verdict, the conviction will not be set aside. *Poindexter* v. *State,* (1978) 268 Ind. 167, 374 N.E.2d 509; *Grigsby* v. *State,* (1978) 267 Ind. 465, 371 N.E.2d 384; *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776.

Entrapment, as a defense, exists when the defendant has been induced or hired by a governmental agency to commit a crime he had no predisposition to commit. *Mendez* v. *State,* (1977) 267 Ind. 309, 367 N.E.2d 1081; *Johnson* v. *State,* (1971) 255 Ind. 589, 266 N.E.2d 57. If the criminal design springs from the mind of the defendant, there is no entrapment. *Hardin* v. *State,* (1976) 265 Ind. 635, 358 N.E.2d 134; *Mendez, supra.* Presentment, by a police agent, of the mere opportunity to commit a crime does not constitute entrapment. *Mendez, supra; Johnson, supra.*

In the instant case, there was ample evidence from which the jury could find that there was a predisposition to commit the crime. The police had been given reliable information that defendant, who had a previous conviction for selling drugs, was again involved in the drug business. The defendant was able to supply the heroin within a few minutes; he had several, different delivery schemes set up; and on one occasion he had a much larger quantity available to sell than had been asked for. These were sufficient facts from which a reasonable man could infer that the defendant had a previous intention to commit the crime.

Defendant further contends that the jury must have found that entrapment existed on the first sale because they found him not guilty on that count. This argument is not supported by the record. There could have been many other reasons for the jury's verdict since the circumstances in each of the transactions were slightly different. In the first sale, the defendant did not hand over the heroin, but merely directed Buford to its location. Furthermore, Officer Waddell was not close enough to hear defendant's remarks during this transaction. In the subsequent transactions Officer Waddell was either present or was listening by means of an electronic device and the heroin was handed over to Buford directly from the defendant or a companion in his car. Since there were different circumstances in each transaction, the verdict of not guilty on Count I has not been shown to be necessarily based on the theory of entrapment.

The defendant also argues that there must have been entrapment because he stated he was not selling any drugs when Buford first approached him. However, the record further shows that the defendant was just being cautious, possibly of police involvement, when Buford first approached him because he did not know Buford very well and had noticed Officer Waddell, whom he did not know at all, standing a little distance away. When Buford had allayed defendant's suspicions, the defendant was very willing to sell him the drugs. Ordinary caution taken by one who is preparing to engage in an illegal transaction cannot later be labeled entrapment. Also, the fact that the quantities sold on three occasions were small is of no significance since the law prohibits *any* unlawful sale of this drug.

Since we have found sufficient evidence of probative value that supports the jury's verdicts on all counts, the verdicts will not be disturbed. *Chadwick* v. *State*, (1977) 266 Ind. 305, 362 N.E.2d 483.

## II.

The defendant further contends that the judgments on Counts II, III, and IV are invalid since the jury had first found him not guilty on Count I. He argues that the evidence produced on each of the transactions was the same except for the date and that therefore collateral estoppel should apply. As we have pointed out above, there were different circumstances and facts surrounding each transaction and the jury did not necessarily rely on entrapment to reach the not guilty verdict on Count I. The doctrine of collateral estoppel only applies if an issue present upon which a rational jury could have grounded its verdict. *Ashe* v. *Swenson,* (1970) 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. The doctrine of collateral estoppel does not apply in the instant case where different factual circumstances were present.

## III

Defendant alleges that there was an insufficient chain of custody established for the state's exhibit 3-A which was the heroin Buford purchased from defendant at the third transaction. Officer Waddell put the suspected heroin in an envelope at the time of the transaction and sealed and initialed the envelope. The officer testified that he gave this envelope to the state police chemist the next day and the chemist testified that it tested as heroin. Defendant contends that the chain of custody is insufficient because Officer Waddell did not specifically testify that the envelope was continually in his possession from the time of the buy until he delivered it to the chemist. We do not agree with this contention. As we have held many times, although a complete chain of custody must be established, the state is not required to exclude every remote possibility of tampering. *Mendez* v. *State,* (1977) 267 Ind. 309, 370 N.E.2d 323; *Rinard* v. *State,* (1976) 265 Ind. 56, 351 N.E.2d 20. In the instant case, there is no evidence to indicate any

tampering and the normal police procedure for the handling of suspected drugs was followed. This was sufficient to provide a reasonable assurance of the undisturbed condition of the exhibit and there was no error in its admission.

## IV.

The defendant next alleges that it was reversible error for the trial court to give an oral explanation of reasonable doubt during the court's voir dire of the prospective jurors. The record shows that early in the voir dire the court made several introductory remarks to the prospective jurors including remarks about the nature of the written charges, the presumption of innocence and what the term reasonable doubt meant.

The court said that:

"A simple explanation of reasonable doubt is that you must be so convinced that in the future your conscience will not disturb you for fear that you have sent an innocent person to prison."

The defendant objected to this explanation of reasonable doubt as being erroneous and the court overruled the objection. The court then further qualified the remark by stating to the jury, "I'll give a more detailed definition of reasonable doubt in the written instructions." The correct pattern instruction concerning reasonable doubt was given to the jurors as the Court's Preliminary Instruction 3P.

The defendant alleges that since the introductory remark was an erroneous definition of reasonable doubt and was the same as an erroneous instruction, it could only be cured by its express withdrawal. We do not agree. The remark was clearly qualified as being a "simple explanation" and was not an instruction.

This Court has long held that the ultimate function of voir dire is to explore the conscience of prospective jurors to de-

termine whether they will be able to participate fairly in the deliberations and that this exploration is largely within the discretion of the trial judge subject only to the essential demands of fairness. *Swan* v. *State*, (1978) 268 Ind. 317, 375 N.E.2d 198; *Phelps* v. *State*, (1977) 266 Ind. 66, 360 N.E.2d 191.

In the instant case, the introductory remarks of the trial court were the means of starting this exploratory process. Where, as here, the explanation of reasonable doubt given by the trial judge was qualified as being a simple definition and was clearly part of some introductory remarks about the general duties of a jury, and where the correct instruction on reasonable doubt was subsequently given, the trial judge did not abuse his discretion in giving this introductory explanation.

## V.

Defendant finally alleges that since the convictions on both Counts IV and V were based on the same offense the constitutional prohibition against double jeopardy bars the conviction on Count V.

The statute under which the defendant was charged, Ind. Code § 35-24.1-4.1-1 (Burns 1975), provides that a sentence for a first conviction shall be five to twenty years and a fine, and that a conviction for subsequent violations shall result in a sentence of twenty years to life and a fine. The state followed the correct procedure for this type of recidivist statute in withholding all mention of Count V from the jury until after the verdict on Counts I-IV had been returned. The evidence of defendant's prior conviction was then presented to the jury and defendant was found guilty on Count V.

Both Counts IV and V were based on a single sale of heroin but the added element of a prior conviction was alleged and proved in Count V. It is clearly established that a person may not be twice punished for a single offense arising from one set of operative circum-

340

stances. *Bean* v. *State,* (1978) 267 Ind. 528, 371 N.E.2d 713; *Thompson* v. *State,* (1972) 259 Ind. 587, 290 N.E.2d 724. In this case, the harsher sentence on Count V replaces the lesser verdict on Count IV and the verdict on Count IV should have been vacated.

The defendant argues that his sentences should not be served consecutively to his prior eight year term since the trial court's order does not specifically state they are to be consecutive. However, the record clearly shows that the defendant was free on an appeal bond when the instant crimes were committed and therefore his sentences must not be served concurrently but must be served in accordance with the provisions of Ind. Code § 35-8-7.5-1 (Burns Supp. 1977). From the record before us in this case, no error in sentencing other than on Count IV has been demonstrated.

For all the foregoing reasons, this cause should be remanded with instructions for the trial court to vacate judgment and sentence on Count IV. The judgment of the trial court on all other issues should be affirmed.

Judgment remanded with instructions.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 380 N.E.2d 1219.