Doyle Otto WILHELM, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 882S314.

Supreme Court of Indiana.

Nov. 3, 1983.

K. Richard Payne, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Doyle Otto Wilhelm, was convicted by a jury of conspiracy to commit murder, a Class A felony, Ind.Code § 35–41–5–2 (Burns 1979) and was sentenced to forty years in the Indiana Department of Correction. His direct appeal raises the following three issues:

1. Whether the evidence is sufficient to sustain the conviction;

2. Whether the trial court erred in denying defendant's motion to suppress certain tape recordings introduced in evidence; and

3. Whether the trial court erred in not granting defendant's motion in limine and denying repeated motions for mistrial.

A review of the record most favorable to the state shows that in December, 1980, Allen County Police Officer George Colby, through the aid of informant, Tanya Wittekind, made an undercover drug purchase from defendant. Defendant was arrested and later incarcerated for dealing in controlled substances. Defendant was released on bond and fled the jurisdiction to avoid prosecution. He was subsequently rearrested in San Diego, California, and returned to the Allen County jail on June 24, 1981.

Six days later, Officer Colby was advised by Attorney Robert Bechert that Bechert's client, Steven Sheron, also incarcerated in the Allen County jail, had sensitive information concerning defendant and a plan to kill Officer Colby. Sheron agreed to work for the police in furthering the conspiracy between himself and defendant to kill Officer Colby. The consideration for Sheron's assistance was the dismissal of all charges against him and his release from jail.

Sheron testified at trial that while he and defendant were incarcerated in jail defendant suggested a plan to him whereby defendant would murder the key witness against Sheron if he agreed to murder Officer Colby, the key witness against defendant. Defendant was to provide Sheron with a rifle to kill Officer Colby at a time when defendant had an alibi. Under police observation defendant did indeed deliver a rifle to Sheron.

## I.

Defendant first contends that the evidence is insufficient to support the conviction. His contention is based on the following allegations: (1) that Sheron, without whose testimony the defendant could not have been convicted, is unworthy of belief because he testified in furtherance of a self-serving interest, i.e., to secure dismissal of pending charges against him in another prosecution; (2) that the state failed to prove that defendant committed an overt act in pursuance of the agreement to kill Officer Colby; and (3) that the defense of entrapment was established as a matter of law. In resolving these issues, we do not resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Reese v. State,* (1983) Ind., 452 N.E.2d 936. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that defendant was guilty beyond a reasonable doubt. *Taylor v. State,* (1973) 260 Ind. 64, 291 N.E.2d 890.

When the state relies upon the testimony of a co-conspirator to obtain conviction of the accused, the co-conspirator's credibility is an important issue in the case and any evidence of any understanding or agreement must be disclosed to the jury. *Birkla v. State,* (1975) 263 Ind. 37, 323 N.E.2d 645. However, as stated above, we will not judge the co-conspirator's credibility when the agreement and prior criminal record are properly brought before the jury. *Bentley v. State,* (1981) Ind., 414 N.E.2d 573; *Irons v. State,* (1979) 272 Ind. 287, 397 N.E.2d 603. In the instant case, the jury was aware of Sheron's prior criminal record and the benefits flowing to him in exchange for his testimony. Possibly those elements rendered his veracity suspect, but the jury was in a better position that are we to make the credibility determination.

We also reject defendant's contention that the state failed to prove that he performed an overt act in furtherance of the conspiracy. Sheron testified that defendant agreed to furnish him with a rifle to kill Officer Colby. Officers Michael Keesler and Ralph West testified that they saw defendant deliver a rifle to Sheron on July 30, 1981. Moreover, the record contains three photographs taken by Officer West, depicting defendant removing an object which appears to be a rifle from his car and taking it in the house. This was substantial evidence from which the jury could have found beyond a reasonable doubt that defendant performed an overt act in pursuance of the agreement to kill Officer Colby.

We finally address defendant's contention that the defense of entrapment was established as a matter of law. Entrapment, as a defense, exists when the defendant has been induced or hired by a governmental agency to commit a crime he had no predisposition to commit, *Hudgins v. State,* (1983) Ind., 443 N.E.2d 830. If the criminal design springs from the mind of the defendant, there is no entrapment. *Hutcherson v. State,* (1978) 269 Ind. 331, 380 N.E.2d 1219; *Hardin v. State,* (1976) 265 Ind. 635, 358 N.E.2d 134. Presentment, by a police agent of the mere opportunity to commit a crime does not constitute entrapment. *Hutcherson,* 269 Ind. at 335, 380 N.E.2d at 1221.

We believe there was sufficient evidence here from which the jury could find that defendant was predisposed to commit the crime. Sheron testified that defendant first suggested a plan to him whereby defendant would kill the key witness against Sheron if Sheron would agree to kill Officer Colby. Sheron discussed this plan with his lawyer who in turn informed the police. By enlisting Sheron's aid in furthering the conspiracy, the police merely provided an opportunity for defendant to commit a crime.

## II.

Defendant next contends that the trial court erred in denying his motion to suppress certain tape recordings of conversation between Sheron and defendant. These recordings were introduced into evidence and played for the jury despite defendant's

objections. Defendant questions the admissibility of the recordings because he feels a proper chain of custody of the exhibits was not established in accordance with the chain of custody rule. His argument is premised on the fact that Sheron made the tapes and held them in his possession and that Sheron had a motive to alter or retouch the tapes for his own benefit. There is no merit to this claim.

Under Indiana's chain of custody rule the state must only present evidence which strongly suggests the whereabouts of the evidence at all times. *Holt v. State,* (1980) 272 Ind. 544, 400 N.E.2d 130. The mere possibility that evidence may have been tampered with will not make the evidence totally objectionable. *Mendez v. State,* (1977) 267 Ind. 309, 370 N.E.2d 323; *Williams v. State,* (1979) 270 Ind. 573, 387 N.E.2d 1317.

We first note that defendant's argument could only apply to one of the four tape recordings, State's Exhibit 4. That recording was the only one in Sheron's possession until he gave it to the police. The other recordings, State's Exhibits 5, 6, and 7, were made by the police at the police station. The state introduced evidence that Sheron returned the recording to the police on July 13, 1981, the day after the recording was made. Officer Colby testified that he received the tape from Sheron, initialed and dated it, and that the tape had not been altered or retouched in any form. Merely because Sheron had a motive to alter the tape, and an opportunity to do so, is insufficient to disprove an adequate chain of custody. As stated earlier, the state is not required to exclude every possibility of tampering. Since the state introduced evidence which strongly suggests the whereabouts of the tape at all times before it was admitted into evidence, there was no error.

### III.

Defendant finally contends that the trial court erred in denying his motion in limine and repeated motions for mistrial. Defendant's motion in limine sought to prevent the state from making any direct or indirect reference to any other criminal charges pending against defendant. The trial court reserved ruling on the motion in limine but subsequently denied defendant's motion for mistrial when references were made by the state and its witness to other criminal charges pending against defendant.

A challenge to the trial court's ruling on a motion in limine presents nothing for this Court's review; it is only a pretrial ruling on the admissibility of evidence. *Robinson v. State,* (1983) Ind., 446 N.E.2d 1287. If error is committed by the trial court in admitting evidence the exclusion of which was sought by a motion in limine, the error is in admitting the evidence at trial, not in having previously denied the motion in limine. *Akins v. State,* (1981) Ind., 429 N.E.2d 232. Any harmful error will be available for appellate review only when a proper objection is entered at trial. *Wilson v. State,* (1982) Ind., 432 N.E.2d 30.

The ruling on a motion for mistrial is within the sound discretion of the trial court. Absent a showing the defendant was placed in a position of grave peril to which he should not have been subjected, we will not disturb the court's ruling. *Conley v. State,* (1983) Ind., 445 N.E.2d 103.

Defendant refers us to three separate occasions when he claims his case was severely prejudiced by remarks and testimony concerning criminal conduct other than that charged in this case. Each time defendant entered an objection and motion for mistrial. The challenged testimony contains statements which either directly or indirectly referred to a drug charge and a murder charge pending against defendant. As earlier noted, Officer Colby had charged defendant with possession of drugs. Defendant had also been indicted for the murder of Tanya Wittekind, the informant who helped set up defendant in the drug case.

There is no doubt that testimony concerning other crimes and alleged criminal activity other than that charged is generally inadmissible as prejudicial. How-

ever, such evidence may be admissible if probative of the question of motive. *Wilson,* 432 N.E.2d at 34. In the instant case, the drug and murder charges are indicative of a motive for the conspiracy to kill Officer Colby. There was testimony that the conspiracy was motivated by defendant's desire to eliminate Officer Colby, the key witness in the cases against him. The trial court has broad discretion in ruling upon the relevance of such evidence, and the test for relevance is whether the evidence has some tendency to render a desired inference more probable than it would be without the evidence. *Turpin v. State,* (1980) 272 Ind. 629, 400 N.E.2d 1119. There was no error in admitting the challenged testimony, and the trial court properly denied defendant's motion for mistrial.

For all the foregoing reasons, there was no reversible error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.